Southern Life Insurance and Trust Company *v.* Packer and Prentice.

The judgment of the Supreme Court should, therefore, be reversed and a new trial granted, with costs to abide the event.

DENIO, J., dissented; all the other judges concurring,

Judgment reversed and new trial ordered.

SOUTHERN LIFE INSURANCE AND TRUST COMPANY *v.* PACKER AND PRENTICE.

The act (*ch.* 172 *of* 1850) "to prohibit corporations from interposing the defence of usury" is retrospective in its operation, and applies to foreign corporations litigating in the courts of this state.

APPEAL from the Supreme Court. In 1846 the Southern Life Insurance and Trust Company, a corporation created under the laws of Florida, filed a bill in the late Court of Chancery, for the purpose of procuring an account and restitution of the proceeds of certain securities which its president had assigned, in 1840 and 1841, to the defendants in the city of New-York, upon usurious loans obtained from them for the benefit of the corporation. Upon the dissolution of the Court of Chancery the cause was sent to a referee for trial. He reported that some of the transactions were usurious, and ordered judgment that the defendants surrender the securities delivered upon the loans thus tainted, so far as the securities were uncollected, and account for all sums received by them thereon. As to some other transactions which the corporation sought to impeach, the referee found for the defendants and denied the prayer of the bill. Judgment was entered upon his report, and, both parties appealing, the Supreme Court, at general term in the first district, affirmed the judgment, except as to the part appealed

from by the defendants, which was reversed.   The plaintiff appealed to this court.

*Samuel Beardsley*, for the appellant.

*S. A. Foot*, for the respondents.

PRATT, J.   Two questions are raised : First.   Was the act of 1850 prohibiting corporations from setting up the defence of usury retrospective; Secondly.   Does it apply to foreign corporations ?

Upon the first  question I do not think  the point an open one.    The precise  point, substantially  as  presented  now, was  presented in  *Leavitt* v. *Curtis*  ( 15  *N.  Y.*, 9 ), and was unanimously decided against the position now contended for on behalf of the plaintiffs.    It is true  that it was not absolutely necessary to the decision  in that case that  this point should have been passed upon, yet it seems to have received a  very  careful  consideration  by  the  court.    Four of  the judges, in their opinions, discuss the question at considerable length; and, upon the final decision of the cause, a resolution was passed, by a unanimous vote, in effect that a corporation could not, under the act of 1850, set up usury in any way to defeat a contract otherwise valid.    I think, therefore, that a decision made upon so careful examination, although not absolutely necessary to the final decision of the cause, should be deemed *res adjudicata* in the same court, unless it be shown very clearly to be wrong.

Upon the question whether the act was designed to apply to foreign corporations made parties to suits in the courts of this state, it may be suggested, in the first place, that the terms of the act are general: "No corporation shall hereafter interpose the defence of usury in any action."   There is nothing in the words of the act itself which would indicate an intention on the part of the legislature to limit its effect to domestic corporations.

Southern Life Insurance and Trust Company *v.* Packer and Prentice.

In the second place, no sufficient considerations of local or state policy have been suggested from which we would be authorized to infer a motive on the part of the legislature to restrict the operations of the act to domestic corporations. So far as the working of this partial repeal of the usury laws may be allowed to throw any light upon the question, it has been anything but favorable to this idea. Although, in some instances, works of public improvement have been advanced by a resort, on the part of corporations, to the borrowing of money at ruinous rates under the protection of this act, yet it is very questionable whether the benefits have not been, in most cases, more than balanced by the loss which the public, as creditors and stockholders, have suffered by the bankruptcy and ruin which have uniformly overtaken the companies resorting to such methods of raising the means to carry on the undertakings for which they were organized. It is difficult, therefore, to find from the practical workings of the act, I think, any motive on the part of the legislature for restricting its application to domestic corporations.

It is much more probable that the act grew out of considerations connected with the principles upon which the usury laws themselves are based, than from any considerations of local benefit to be realized from freedom on the part of corporations to borrow money at any rate of interest.

These laws were originally based upon the assumption that the needy borrower was in some degree in the hands of the lender. Government has therefore assumed that it was a duty incumbent upon it to protect the former against the rapacity of the latter by adequate pains and penalties. In regard to natural persons, subject to the contingencies of business, often with little or no capital to start with, these considerations might apply with great force; but in regard to corporations organized for the purpose of concentrating in one undertaking the contributions of a large number of individuals until the aggregate shall amount to the capital supposed to be requisite for the successful prosecution of

such undertaking, the legislature may well have assumed that no such protection was necessary; that if corporations thus organized became borrowers it would not be from necessity, but voluntarily, to enable them to carry forward some enterprise which afforded a reasonable expectation of profits sufficient to enable them to repay the necessary interest without loss or sacrifice.

Upon the whole, I think no sufficient reason has been adduced to justify this court in holding that the act was designed to be partial in its effect, applicable to corporations of this state only, and not to those of foreign states.

The judgment of the Supreme Court should therefore be affirmed.

All the judges concurring,

Judgment affirmed.