CHARLES FRAZIER and F. E. WILLIAMS, Respondents, v. TROW'S PRINTING AND BOOKBINDING COMPANY, Appellant, Impleaded, etc.

*A post dated check is valid — A corporation cannot plead usury — What is not a defense to an action on a check.*

The fact that a check bears a date subsequent to that on which it was made and issued does not render it invalid.

A corporation cannot set up the defense of usury when sued upon its own obligations.

Where two persons have exchanged checks, upon the agreement that each will keep his account good to meet his check at maturity, the fact that one person has failed to keep his account good constitutes no defense to the other when sued upon his check by a *bona fide* holder thereof.

Appeal from a judgment in favor of the plaintiffs, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Raphael J. Moses, Jr.*, for the appellant.

*Chambers, Boughton & Prentiss*, for the respondents.

Daniels, J. :

The judgment was recovered for the amount due upon two checks, drawn by the defendant as a corporation.

The first was dated March 20, 1879, and the second March 28, 1879.

They were in fact made and delivered previous to that time to Patrick O'Shea, the payee named in them ; for the first was indorsed by him and delivered to the plaintiff on the 26th day of February, 1879, and the second on the 5th day of March, 1879. The evidence shows that they then discounted the checks for him. It appeared that these checks were given to the payee in exchange for his own, drawn for the same amounts, and he verbally agreed at the time to keep his own checks good, but failed to do so and became insolvent. The fact that his own checks were received for those made by the defendant created a good consideration for the latter. (*McSpedon* v. *Troy City Bank*, 2 Keyes, 35 ; *Newman* v. *Frost*, 52 N. Y., 422.)

It was claimed, however, on behalf of the defendant that these instruments were void as legal obligations, because they were issued before the time when they respectively bore date, and cases have been cited containing intimations that such should be the legal principle applicable to them.

Those cases, however, have not been followed, and no reason seems to exist for holding that an instrument of this nature may not lawfully be issued as of a date subsequent to the time of its delivery. It then contains all the elements of a contract, but payment upon it can only be demanded upon the day of its date, or some day succeeding that time, and so they have been regarded by the courts of this State. (*Mohawk Bank* v. *Broderick*, 10 Wend., 304.) This case was afterwards taken to the Court of Errors, where the determ-

ination made by the Supreme Court was affirmed, and notwithstanding the fact that the instrument was post dated, it was held to be valid and payable on the day of its date. (*Mohawk Bank* v. *Broderick*, 13 Wend., 133; *Salter* v. *Burt*, 20 id., 205.)

It has been urged that a different conclusion was reached in the case of *Clarke National Bank* v. *Bank of Albion* (52 Barb., 593). But that is a misapprehension, for no such point was presented by or considered in that case. The simple question there was whether the bank could render itself liable by certifying such a check to be good, before the time when it could be presented for payment, and in that manner substantially incur the liability of a surety for the obligation of the drawer. It was held that it could not, but the point now under consideration was in no manner either discussed or determined. To protect itself against liability upon these checks, it was further claimed by the defendant that the plaintiffs had received them upon a usurious rate of interest or discount, and that defense was proposed to be proved at the trial, but it was excluded by the court and the defendant excepted to the decision rejecting the evidence offered upon this subject.

The determination was entirely correct, for the reason that the defendant is a corporation, and under chapter 172 of the Laws of 1850, it was precluded from resisting payment of its own obligations on account of the fact that they had been discounted at a larger rate of interest than that otherwise prescribed. (*Southern Life Insurance Co.* v. *Packer*, 17 N.Y., 51; *Rosa* v. *Butterfield*, 33 id., 665; *Merchants' Nat. Bank* v. *Com. Warehouse Co.*, 49 id., 636.)

It has also been insisted that O'Shea's failure to keep his own account good for the purpose of meeting the checks delivered to the defendant, as the consideration of those received by him, constituted a defense in this action.

It did not in terms appear that such an agreement was made concerning these particular checks. But that evidently had been the arrangement, including other checks similarly received, and it was rather assumed from that, than stated in this instance, that the payee's account should be in a condition to meet those last drawn by him at the date when they should become payable.

But even if this understanding had been in terms repeated, it would not have created a defense to these checks.

284    PEOPLE ex rel. STEVENS v. POLICE COMRS.

, First Department, March Term, 1881.

That point was distinctly presented in the case of *Mayer* v. *Mode* (14 Hun, 155), and held to be insufficient.

As no other point has been made in support of the appeal the judgment in the case should be affirmed.

Present — Davis, P. J., Brady and Daniels, JJ.

Judgment affirmed.