CHARLES T. PLIMPTON AND GEORGE A. SAWYER, APPELLANTS, *v.* JOHN BIGELOW, RESPONDENT.

*Attachment — when the stock of a foreign corporation having its place of business in this State is subject to it — Code of Civil Procedure, secs. 644, 647, 649, subd. 3.*

The plaintiffs, residents of the State of Massachusetts, brought this action to recover the amount unpaid upon certain promissory notes made by the defendant. Certain shares of stock owned by the defendant in the Hat Sweat Manufacturing Company were levied upon under an attachment issued herein, the papers being served by the sheriff upon the treasurer and secretary

of the company, who resided in the city of New York. The company was incorporated under the laws of the State of Pennsylvania, but its office and factory were located in the city of New York, and its business was there carried on, two of its three directors being residents of that city.

*Held,* that the company might be treated as though it were a domestic corporation, and that its stock might be here attached by a creditor of its owner.

Appeal from an order made at Special Term, vacating the levy of an attachment on the shares of the defendant in the Hat Sweat Manufacturing Company.

*Edward D. Bettens,* for the appellants.

*Simon Sterne,* for the respondent.

Daniels, J. :

The plaintiffs, who resided in the State of Massachusetts, brought this action to recover the amount unpaid upon promissory notes made by the defendant. The demands were such as were the proper subject of an attachment under the provisions of the Code, and the plaintiffs were entitled to institute their suit, for the recovery of the amounts claimed, in this court. And for the purpose of obtaining satisfaction they could lawfully avail themselves of all the legal remedies provided by the Code for that object. (*Hibernia National Bank* v. *Lacombe,* 84 N. Y., 367, 385.)

Under this authority they had a right to seize whatever property or interests the law of this State rendered the subject of attachment. And by virtue of its provisions the sheriff, in form, levied upon the shares owned by the defendant in a corporation formed under the laws of the State of Pennsylvania, and known as the Hat Sweat Manufacturing Company. This seizure was set aside on motion of the defendant, for the reason that the shares were not deemed subject to the power or operation of the attachment. Whether this decision was correct is the chief point in controversy upon this appeal. Ordinarily, where neither the owner of the shares nor the corporation itself can be found within this State, the attempt to make a seizure of this nature would be entirely ineffectual. For the sheriff, in executing an attachment, can only seize the property of the debtor which may be found within his county, and where the owner of the shares, as well as the corporation issuing them respectively reside and is located in another State, the shares themselves

would not be within the county in which the attachment might be issued, and for that reason would be incapable of being levied upon by means of it. But this was not a case of that description. For while the corporation was formed under the laws of the State of Pennsylvania, one of its objects was to transact business in the city of New York, and as a matter of fact its chief place of business was there located where it manufactured goods, made its business arrangements, paid its bills and carried on its general business, and two of its three directors were residents of the city of New York. For this purpose its capital, to a very considerable extent, certainly must have been brought to this State and invested in such business, and the profits to be derived by it, and from which the dividends would be made upon its stock, would in that manner be obtained from this State. To that extent it enjoyed all the rights and privileges of a domestic corporation, and placed itself, by its operations, within the county in which the plaintiff's attachment was afterwards issued. So far as the defendant was the owner of the shares of the corporation, he, himself, was interested through them in its capital and the business carried on by it. (*Burrall* v. *Bushwick R. R. Co.*, 75 N. Y., 211.) His stock, of which the certificates held by him were evidence of his title, was actually therefore within this State, and as such should be subjected to the satisfaction of his obligations to his creditors. There could be no more reason for exempting his shares from those obligations, than there would be if the corporation itself had been organized and existed under the laws of this State. For its business pursuits were carried on substantially the same as if this particular corporation had been created under its laws. There was clearly no substantial difference upon which the owner of such shares could claim immunity. The purpose and object of the corporation was the manufacture and sale of its fabrics, and that business is shown to have been confined to the city of New York. It was here carried on by the corporation through its officers and agents. To that extent it located itself in this city, as it was contemplated it might, under its articles of incorporation, and it was consequently a corporation within this county.

The law has provided in general language that the " rights or shares which the defendant has in the stock of an association or cor-

poration, together with the interests and profits thereon, may be levied upon" under an attachment. (Code of Civil Pro., § 647.) This section has in no manner been confined in its effect to corporations formed under the laws of this State. It is, of course, to be construed with section 644, requiring the property to be levied upon to be within the county, and that is the only restraint to which this general enactment has been subjected; and the association or corporation whose shares may be so levied upon may as well under this language be one formed under the laws of another State as though it was formed under the laws of this State. And that this section was intended to be so construed is evinced by the circumstance that when a discrimination is intended to be made the Code by its provisions has designated the particular corporation as either domestic or foreign corporations; and care has been taken to preserve this distinction by a definition to that effect given in the Code itself. (Code of Civil Pro., § 3343, sub. 18.) By this definition what shall be known as a domestic corporation has been declared and every other is denominated a foreign corporation. Where no such discrimination as that has been made, and the language is appropriate for that purpose, it is therefore to be presumed that it was intended to include all corporations, and that employed in the section already referred to is of that character. A provision of a like general nature was considered in *Southern Life Insurance Company* v. *Packer* (17 N. Y., 51), and it was held to include corporations formed in other States as well as those created under the laws of this State, and no reason appears for distinguishing the present case from the principle of construction established by that authority.

The Code has prescribed the particular manner by which the shares of the defendant in a corporation may be seized under an attachment, and that is the only other qualification to which the exercise of this authority has been subjected. To make such a seizure, a copy of the attachment with notice showing the property attached is to be left with the president or other head of the association, or corporation, or secretary, cashier or managing agent thereof. (Code, § 649, sub. 3.)

Whenever the corporation by means of its operations in business may be within the county in which the attachment has been issued, and these requirements can be observed, there the Code has provided

for the seizure of the shares owned in it by the defendant. And this is all that has been provided for, to constitute a literal compliance with all the provisions made on this subject by the statute. When that may be done it was clearly the intention of the law that such shares might be effectively levied upon by means of the attachment.

It has been stated generally, in a recent work upon this subject, that the right to attach the shares of a defendant in a corporation is restricted to those corporations existing under the laws of the State in which the attachment may be issued. (Drake on Attachments [5th ed.], § 244.) This general statement of the law was made upon the authority of *Moore* v. *Gennett* (2 Tenn. Ch., 375), and it was so generally considered in the opinion of the court. But the case was not determined upon that point, for it appeared that the interest of the defendant in the shares themselves was neither in fact nor in form levied upon under the attachment.

No lien upon or title to the shares could therefore be maintained, and for that reason, principally, the right and claim of the creditor were rejected. The inability of the creditor to attach the debtor's shares in a corporation created under the laws of another State was maintained, so far as it was considered, substantially upon the authority of *Steel* v. *Smith* (7 Watts & Sergt., 447). But that is in no sense an authority upon this point. It was an action upon a judgment recovered in the State of Louisiana, where the suit was commenced by a seizure of the debtor's property, and this was held to create no personal liability against the debtor upon which the action could be maintained. These authorities consequently do not maintain the general statement of the law made by this authority. It undoubtedly would be a correct statement of it where neither the debtor himself nor the corporation by which the stock was issued to him should be within the State when the attachment is issued. But such were not the facts of this case as they have been presented by the affidavits. For here the corporation had voluntarily placed itself within this State, where its active and principal business operations were transacted. The case of *Danforth* v. *Penny* (3 Metc., 564) is entitled to no broader application. For the statute under which it arose was so construed as to be intended to place corporations on the same footing as to liability as that of individuals

which had previously been held not to include the residents and inhabitants of any other State. It is no authority for limiting the provisions of the Code, so far as to exclude a case of the nature of that now before the court.

What the law may be upon this subject is necessarily for the legislature to declare, and when that declaration has been plainly made, it is the duty of the courts to follow and enforce it, even though it may not be in accord with the views expressed upon the same subject by the courts of a neighboring State. The legislative purpose as to attachment proceedings has been clearly defined by the provisions which have been made in this State, and by them the shares of a defendant in a corporation have been rendered the subject of seizure by virtue of an attachment whenever the proceeding particularly specified can be taken and followed.

This was a case of that description, for one of the resident directors of the corporation, whose shares were owned by the defendant, was its treasurer and secretary, and in the seizure of the shares a copy of the attachment, together with a notice that those shares were levied upon, were served upon this officer, and to promote the proceedings, as he was required by the law to do that, he made his certificate, stating the number of shares owned by the defendant in this corporation. The terms, as well as the spirit, of the statute, were fully complied with, and as the corporation carried on its business and had the bulk of its property in this county, that was all which could be required for the lawful seizure of the shares under the attachment.

The fact that by the provisions of the statute prescribing the time within which an action for the collection of a debt may be instituted, such time may appear to have expired before this suit was commenced, will not justify the order from which the appeal has been taken. For by section 413 of the Code of Civil Procedure this objection can only be taken by answer. This section is clearly imperative, and renders an examination of the authorities relied upon by the respondent on this subject unnecessary at this time.

The case is an important one, and it is known as a matter of fact that the learned Judge by whom the order was directed, from which the appeal has been taken, entertained grave doubts as to its pro-

priety. If it should be sustained in this instance, then every creditor, whether a resident or not a resident of the State, would be deprived, in cases of this description, of the power, through the intervention of its tribunals, to obtain satisfaction of their debts, simply because the corporation, prosecuting its business enterprises within this State, had elected to organize itself under the laws of another State. The distinction between this corporation and · a corporation formed under the laws of this State, in view of the other facts made to appear, was simply nominal, and the consequence should be held legally to follow that the debtor, profiting in the same manner by the operations of the corporation as he would if it had been formed under the laws of this State, should not be exempt from the compulsory means provided by law for satisfying his debt. Such a distinction should not be made without some provision in the law indicating the necessity of its adoption. No such provision has been inserted in the Code as it now exists. But those which have been enacted plainly require a different view to be taken of their effect.

The order for these reasons should be reversed and an order entered denying the motion made by the defendant, but without costs.

DAVIS, P. J.:

I concur on the ground that for all practical purposes the Hat Sweat Manufacturing Company may be treated in this case as though it were a domestic corporation. Though organized under the laws of Pennsylvania, yet its office, factory, business and officers are located and conducted in this State. Its stock may be properly deemed to be in this State, so that it may be attached here by a creditor of its owner. The question is not free from doubt but it seems to me proper to solve the doubt in favor of the plaintiff.

Present — DAVIS, P. J., and DANIELS, J.

· Order reversed and order entered denying motion, without costs.