be found, and reasonable inquiry must be made therefor before the assent of friends will suffice.

[Ed. Note.—For other cases, see Dead Bodies, Cent. Dig. §§ 1, 2; Dec. Dig. § 1.*]

2. DEAD BODIES (§ 1*)—DISSECTION—RIGHTS OF HOSPITALS—STATUTES.

Where it was not shown what, if any, effort was made to discover the relatives of a deceased person, except that the name of a woman was entered as "friend" in the hospital records, it was not a compliance with Penal Law (Consol. Laws, c. 40) § 2213, as extended by section 316 of the Public Health Law (Consol. Laws, c. 45), permitting hospitals to deliver corpses to medical colleges with the assent of relatives or friends.

[Ed. Note.—For other cases, see Dead Bodies, Cent. Dig. §§ 1, 2; Dec. Dig. § 1.*]

Action by Cora Newman against George T. Stewart and another. Judgment for plaintiff. Defendants move for new trial. Motion denied.

Jacob Friedman, for plaintiff.
A. R. Watson, for defendants.

FORD, J. Under section 2213 of the Penal Law (Consol. Laws, c. 40), dissection of a human body may be performed with the consent of the husband, wife, or next of kin. This is extended by section 316 of the Public Health Law (Consol. Laws, c. 45), so as to permit hospitals to deliver corpses to medical colleges with the assent of "relatives or friends." A reasonable construction of this provision is that the consent of relatives must be obtained if they can be found, and that reasonable inquiry must be made to find them. Only in case they cannot be found will the assent of "friends" suffice. The evidence in this case did not disclose what, if any, effort was made to discover the relatives of the deceased, beyond the fact that the name of a woman was entered as "friend" in the hospital records. Her consent was obtained, and the post mortem examination made in reliance upon it.

This was not a compliance with the law, and the motion to set aside the verdict and for a new trial must be denied.

---

MacQUOID v. QUEENS ESTATES et al.

(Supreme Court, Appellate Division, Second Department. February 17, 1911.)

1. USURY (§ 83*)—DEFENSE—RIGHTS OF MINORITY STOCKHOLDERS TO INTERPOSE.

Under General Business Law (Consol. Laws, c. 20) § 374, denying to a corporation the right to interpose the defense of usury in an action against it, a minority stockholder may not sue to set aside a bond and mortgage executed by the corporation, on the ground that it provided for usurious interest.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 163–166; Dec. Dig. § 83.*]

2. CORPORATIONS (§ 472*)—BONDS—SALE FOR LESS THAN PAR.

Stock Corporation Law (Consol. Laws, c. 59) § 55, providing that no corporation shall issue bonds except for money, labor done, or property

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

actually received, does not prevent a corporation from issuing its bond and mortgage for a pre-existing debt and an amount to be paid for a further forbearance for a fixed time; the consideration requiring the corporation's discharge from the prior indebtedness, though the transaction in effect amounted to a sale of the corporation's obligations at a discount.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 472.*]

Appeal from Special Term, Queens County.

Suit by Charles W. MacQuoid against the Queens Estates and another. From an interlocutory judgment sustaining a demurrer to the complaint, complainant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Roswell S. Nichols, for appellant.
Philip W. Russell, for respondents.

CARR, J. The plaintiff is a minority stockholder in the defendant corporation, Queens Estates. He sues, as such, to set aside a bond and mortgage on real property executed and delivered by that corporation to the defendant Winslow. His complaint is quite voluminous, but the grounds on which he seeks relief may be stated briefly. He alleges that the bond and mortgage in question were usurious, in that a considerable part of the principal sum represented an amount exacted by the defendant Winslow for a forbearance of six months on then existing obligations of the corporation then held and owned by Winslow, and which amount was equivalent to an interest rate of 48 per centum per annum. This ground of attack is stated in the complaint as a first cause of action. Then in a second and separate cause of action he attacks the bond and mortgage as void as being given in violation of section 55 of the stock corporation law. The defendant Winslow demurred to the complaint as not stating facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff appeals from the interlocutory judgment sustaining the demurrer.

The plaintiff argues that, while the statute (section 374 of the general business law, originally chapter 172 of the Laws of 1850 [Consol. Laws, c. 20]) denies a right to a corporation to interpose a defense of usury in an action brought against a corporation, it does not deny the right to the corporation to maintain an action to set aside any of its obligations as usurious. The decision in Isle of Wight Company v. Smith, 51 Hun, 562, 4 N. Y. Supp. 73, is to the contrary. The appellant contends that this last-cited case should not be considered as authoritative, because it is based upon the authority of two cases which do not support its reasoning, viz., Southern Life Insurance & Trust Co. v. Packer, 17 N. Y. 51, and Curtis v. Leavitt, 15 N. Y. 9. In this contention the appellant is clearly in error. The theory of the decision was that matter which could not be pleaded as an affirmative defense in an answer could not be pleaded as ground for affirmative relief in a complaint, without permitting the doing indi-

rectly of what could not be done directly, and the logical basis of the decision is apparent at a glance. After the enactment of the law of 1850, which forbade a corporation to interpose a defense of usury, it was held repeatedly and continuously that the effect of that statute was to repeal as to corporations, pro tanto, all the existing statutes as to usury. Curtis v. Leavitt, 15 N. Y. 9; Southern Life Insurance & Trust Co. v. Packer, 17 N. Y. 51; Butterworth v. O'Brien, 23 N. Y. 275; Rosa v. Butterfield, 33 N. Y. 665; Belmont Branch Bank v. Hoge, 35 N. Y. 65, 69.

The appellant relies upon a decision of the Supreme Court of Illinois to the contrary. Higgins v. Lansingh, 154 Ill. 301, 40 N. E. 362. On examination this authority will be found to be not in point. In that case the parties in whose favor the obligations of the corporation were made and delivered were at the time of the transaction directors of the corporation in question, and it was held that a minority stockholder might proceed affirmatively to attack the validity of the obligations, on the ground that the directors in question had taken an undue advantage of the corporation for their personal benefit. That is not the question here, as there is no allegation that the defendant Winslow had any relation with the corporation other than that of creditor.

The plaintiff's second cause of action is but a restatement of the facts of the first cause of action. He alleges that, to the extent of the moneys to be paid under the bond and mortgage in suit for forbearance upon the part of Nichols, there was an attempt on the part of the corporation to issue its bond for moneys not received for the purpose of its corporate business. Section 55 of the stock corporation law (Consol. Laws, c. 59) provides, in part, as follows:

"No corporation shall issue either stock or bonds except for money, labor done or property actually received for the use and lawful purposes of such corporation."

The statute stood in this form at the time of the transactions set forth in the complaint. Prior to an amendment of 1901 (chapter 354 of the Laws of 1901), the statute contained a provision as follows:

"No such bonds shall be issued for less than the fair market value thereof."

This qualification was deliberately omitted by the act of 1901. To attempt to reinstate it in the statute as it is now framed would be nothing less than new legislation. As the statute stood before 1901, it was held that the issuance of corporate bonds at a price below their par or face value was a valid act, in the absence of fraud or breach of fiduciary duty; it being declared that the act of 1850, repealing the usury law as to corporations, enabled them to issue bonds at a discount. Gamble v. Queens County Water Co., 123 N. Y. 91, 108, 25 N. E. 201, 9 L. R. A. 527. Under the statute as it now stands, considering its language and its history, there seems to be no reasonable basis for the contention that the issuance of a corporate bond for a price less than its par value violates the statute. Memphis, etc., Railroad v. Dow, 120 U. S. 287, 7 Sup. Ct. 482, 30 L. Ed. 595.

In the case at bar, the amount of the bond covered the amount of a pre-existing indebtedness of the corporation and an amount to be paid for a forbearance for a fixed time by the creditor. The consideration of the bond required the discharge of the corporation from the prior indebtedness, and the transaction was in effect the sale of a corporate obligation at a discount, which is a familiar enough practice in financial affairs, and lawful enough under the laws of this state, where no fiduciary relations are involved.

The interlocutory judgment is affirmed, with costs. All concur.