## RULE IN OHIO AS TO REMOTE DAMAGES.

Common Pleas Court of Hamilton County.

The City of Cincinnati v. The Baltimore & Ohio South-
western Railroad Company and The Cincinnati,
New Orleans & Texas Pacific Railway Company.

Decided, June 30, 1911.

*Negligence—In Permitting a Culvert to Become Clogged—Causing
Great Pressure of Water and Resultant Damages in Time of Flood
—Damages Proximate and Remote—Rule as to Liability for Re-
mote Damages—Charge of Court.*

Whether or not upon the facts admitted or established the injury com-
plained of was too remote to entitle the plaintiff to damages on
account of the negligence of the defendant, is a question to be de-
termined, in Ohio, by the jury under proper instructions from the
court.

*Constant Southworth,* Assistant City Solicitor, for plaintiff.
*Harmon, Colston, Goldsmith & Hoadly* and *Edward Barton,*
contra.

Gorman, J.

Decision on motion for new trial.

This is an action to recover damages from the defendants for
the partial fall and destruction of the Eighth street viaduct on
March 17, 1907, claimed by the plaintiff to have been the direct
result of the negligence of the defendants in permitting the
stopping up of the culvert extending under the defendants' em-
bankments from the Mill creek to the artificial basin south of
Eighth street, which stoppage of said culvert prevented the
flood waters of the Ohio river and the Mill creek from entering
this basin, while the waters entered into the basin north of
Eighth street and rose to a height of about thirty feet therein.
It is claimed that this situation at the time resulted in a great
pressure of water being exerted along the north side of the
Eighth street embankment, and no countervailing pressure being
exerted on the south side of said Eighth street embankment, the

embankment gave away and brought down two or three large sections of the viaduct.

A claim of $83,000 is made in the case. On the trial, extending over a period of four weeks, the jury returned a verdict for the defendants.

It is now claimed in the motion for a new trial that there are several errors in the record prejudicial to the plaintiff, which entitle it to a new trial. We shall note these various assignments of error in the order made.

First. It is urged that the court erred in its general charge to the jury on the question of the remoteness of the damages, without explanation that the rule of remoteness does not apply unless there is an efficient intervening cause between the alleged negligent act of the defendants and the injury. As we understand the rule it is generally stated thus:

"Persons often escape *legal liability* for the results of their *wrongful conduct* on the ground that the plaintiff's harm was too remote. A man's responsibility *for his negligence*, it is said, must stop somewhere; and the law strives to apply this rule in a practical and reasonable manner. In the language of Lord Bacon: 'It were infinite for the law to judge the *cause of causes* and their impulsion one of another; therefore it contenteth itself with the immediate cause and judgeth acts by that without looking to any further degree.' The best statement of the rule is that a wrongdoer is responsible for the natural and proximate, or the natural and probable, consequences of his misconduct."

It is a rule difficult of application, and the courts have held that each particular case must be determined from the facts and circumstances of that case. In England and in this country it is generally held that it is a question for the court, upon the facts being either admitted or established, to say whether or not the damages are too remote; but the court on the trial of the case was of the opinion that under the rule laid down in the case of *Adams* v. *Young*, 44 O. S., 80, it was a question of fact for the determination of the jury under proper instructions; and so left the question of the proximate cause and the remoteness of the damages to the jury, instead of determining

them as a matter of law from the proven and admitted facts of the case.

It would be unprofitable to endeavor to analyze and distinguish the numerous cases cited by counsel for plaintiff and defendants in support of their contentions as to whether or not the rule of remoteness or the natural and probable consequences is applied only in cases where there has been an intervening efficient cause. This decision would be unnecessarily lengthy should the attempt be made, and so the court will content itself with citing a few of the authorities which appear to him to furnish the basis for the rule.

In some cases the difficulty of applying the rule of liability for the natural and probable consequence of a wrongful act has been met by arbitrarily drawing a line beyond which all damages are held to be too remote. In slander cases, although it is perfectly natural for a person to whom the slander is uttered to repeat it, yet the consequences of this repetition, although natural and probable, are not generally visited upon the author of the slander. His liability is limited to the damage resulting from his utterance of the defamatory matter. See *Elmer* v. *Fessenden*, 151 Mass., 395, for a full discussion of the rule and the reason therefor.

In New York a like arbitrary line is drawn in cases of fire caused by negligence. The damages are restricted to the injurious consequences that result to an owner of property abutting the premises where the negligent fire originated. If the fire extends beyond the wrongdoer's premises, he is only liable for damages done to the adjoining premises. See *Ryan* v. *N. Y. Central*, 35 N. Y., 210; *Hoffman* v. *King*, 160 N. Y., 618. The same rule that prevails in New York has been applied in Pennsylvania. See *Kerr* v. *Penn. Ry. Co.*, 62 Pa., 353.

In other cases courts have held the contrary view and maintained that it is better that he should be ruined whose negligence caused the damage, than that various owners of property should suffer a loss which is not attributable to fault on their part. See *Hoyt* v. *Jeffers*, 30 Mich., 181; *Lillibridge* v. *McCann*, 117 Mich., 84; *Fent* v. *Toledo, etc., Ry. Co.*, 59 Ill., 349; *Kellogg* v. *Milwaukee, etc., Ry. Co.*, 94 U. S., 469.

But the rule that is frequently resorted to, and the one which the court in the case at bar adopted, is to leave the question of remoteness to the jury. This is said to be the true rule in the case above cited, 94 U. S., 469, and appears to be the rule in Ohio as heretofore stated. See *Adams* v. *Young, supra.*

For like holdings in other jurisdictions see: *Cook* v. *Village of Carterville*, 129 Ills., 152; *Lane* v. *Atlantic Works*, 111 Mass., 136; *Bishop* v. *St. Paul City Ry. Co.*, 48 Minn., 26; *Dickson* v. *Omaha, etc., Ry. Co.*, 124 Mo., 140; *Wiley* v. *West J. Ry. Co.*, 44 N. J. L., 247; *Thomas* v. *Central Ry. Co.*, 194 Pa., 511.

The instructions generally given to the jury by the court in these cases is that if they, the jury, find that there was an *unbroken* connection between the defendant's **wrongful** act and the plaintiff's injury, so that the injury was the result *naturally and reasonably to be expected*, either as the sole consequence of that and other causes which might reasonably have been expected to be set in motion by it, or to act in concurrence with it, then the plaintiff is entitled to recover. In other words, the court's instructions are briefly that the plaintiff's injuries must be the natural and probable consequences of the defendant's misconduct.

*Shearman & Redfield on Negligence*, Section 28, lays down this doctrine:

"Very great difficulty has been found in determining what damages should be considered as flowing in a natural and continuous sequence from an act of negligence. * * * On the one hand it has been maintained that in cases of tortious negligence the defendant should be held responsible for all damages *which do in fact result from his wrongful acts whether they could have been anticipated or not.* On the other hand it has been maintained that he should not be held responsible for any damages *except such as he could in the exercise of reasonable foresight have foreseen as the probable consequences of his acts.* * * *

"The weight of authority seems to be decidedly against holding the defendant liable for all the consequences of his wrongful acts when they are such as no human being even with the fullest knowledge of the circumstances would have considered likely to occur. So much difficulty, indeed, has been felt in

attempting to lay down a rule to cover all possible cases that some of the ablest judges have declined to state any fixed ru¹ and have indicated a disposition to leave all doubtful cases to the jury."

The authorities, or most of them, cited by counsel for plaintiff are those which have followed the rule of holding the defendant liable for all damages which do in fact result from his wrongful acts, whether they could have been anticipated or not. But the court is of the opinion that this rule is not sustained by the weight of authorities; nor is it the rule that prevails in this state, if the court has correctly interpreted the decisions of this state where the question has been properly presented.

There are indeed many cases in which the courts have almost universally held that a defendant is not liable for the consequences of his tortious act, even where the damages are the natural and probable consequences of his wrongful act and there is no intervening efficient cause. But there will be found exceptional holdings in all or nearly all of this class of cases. We venture to say, however, that the rule to be followed ought not to be deduced from exceptional cases, contrary to the weight of authority, unless there can be furnished a sound reason therefor, based upon justice and an earnest desire to see that the right shall prevail.

In the cases of slander above referred to there can be no recovery from the author thereof for repetitions of the slander by others, although it was perfectly natural that these repetitions would follow the first publication and such consequences should, in the exercise of ordinary care, have been foreseen.

See *Elmer* v. *Fessenden,* 151 Mass., 359; *Terwilliger* v. *Wands,* 17 N. Y., 53.

Mental pain and suffering alone unattended by an injury to the person can not sustain an action, even though the injury be the natural and proximate cause of some wrongful act or acts of defendant. See *supra, Terwilliger* v. *Wands,* 17 N. Y., 53; *Allsop* v. *Allsop,* 5 H. & N. (Eng.), 534; *Miller* v. *R. R. Co.,* 78 O. S., 309.

Yet the rule laid down in these cases has not been universally followed. *McQueen* v. *Fuegham,* 27 Tex., 463.

But in cases of libel and slander *per se,* assault where the person of the plaintiff has not been touched, and such like cases, recovery may be had for mental pain, anguish and suffering which are the direct result of the wrongful act or acts of the defendant because they are the natural and probable consequences of the wrongful act or acts of the defendant.

It will be found upon an examination of the cases that there is apparently a hopeless tangle of opinion on this question and an irreconcilable conflict of authorities and contrariety of opinions as to what are the damages that are the natural and probable consequences of a tortious act.

Counsel for plaintiff cites authorities which he asserts with confidence support his contention that the question of the remoteness of the damages is not involved unless there intervenes an efficient cause between the defendants' wrongful act and the plaintiff's injury. And these cases do apparently support his contention. On the other hand, counsel for the defendants cite as many or more cases which apparently hold that there can be no recovery for injuries that are the remote cause of defendants' negligence and not the natural and probable consequence thereof regardless of any intervening efficient cause.

What is meant by an intervening efficient cause? If it means anything in tortious actions it must mean that even though the defendant was negligent and his negligence helped to bring about plaintiff's injuries, nevertheless this negligence of the defendant was not the direct, immediate or proximate cause of the injury, but that there was some other proximate or nearer cause for the injury. In fact, in such cases the defendant's negligence is immaterial, because it did not produce the injury complained of.

The old donkey case is a good illustration of what we are now considering. The owner of the donkey was guilty of two wrongful acts. He turned him into the highway, contrary to the law forbidding the donkey to run at large, and he also hobbled him so that he could not as readily avoid injury. In this situation the stage coach driver ran down the donkey and killed it. The owner was, nevertheless, held entitled to recover be-

cause his negligence did not kill the donkey, but it was the negligence of the stage coach driver which was the direct, proximate and efficient cause.

Now, in the squib case there were several intervening efficient causes between the negligent act of the thrower of the squib and the person injured, and yet the first thrower of the squib was held liable because it was his negligent act that brought about the injury, and the intervening persons who warded it off were acting perfectly naturally and were in no sense negligent in seeking to protect themselves from the injury of the burning squib. It was held to be the natural and probable consequence of the throwing of a lighted squib in th' crowded market place that some one would be injured, and the defendant in the exercise of ordinary care should have anticipated some such consequences; whereas in the donkey case the owner would not reasonably anticipate that as a consequence of turning the donkey out upon the highway hobbled he would be run down and killed.

In *Victorian Railway Co.* v. *Coultas,* 13 App. Cas. (1887), p. 222, cited with approval by our Supreme Court in *Miller* v. *R. R. Co.,* 78 O. S., at p. 322, it was decided by the Privy Council that there could be no recovery for injuries to a woman caused by the negligent act of the defendant in running a train so near to plaintiff as to cause a nervous shock but which did not touch her person.

On almost the exact state of facts in the case of *Bell* v. *Great Northern R. R. Co. of Ireland,* 26 L. R. Ir. (1890), p. 428, just the contrary holding was made and plaintiff was held entitled to recover.

The decisions of the Privy Council are not binding on the High Courts of England, Ireland or Scotland, but only upon the Colonial Courts. In the first case it was held that the damage was too remote, and in the other case the damage was held not too remote. There was no question involved of an intervening efficient cause.

In *Miller* v. *R. R. Co.,* 78 O. S., 309, there was no question of an intervening efficient cause. The sole cause, proximate,

direct and immediate, of the plaintiff's injuries was the negligent act of defendant in permitting one of its locomotives to run off its tracks and on to plaintiff's property and against her house, but the court held that, "In contemplation of law, an injury that could not have been foreseen or reasonably anticipated as the probable result of an act of negligence is not actionable." The question of an intervening efficient cause was not in the case or considered. See, also, *Railway Co.* v. *Staley,* 41 O. S., 118; *Pennsylvania R.,R. Co.* v. *Snyder,* 55 O. S., 342-362; *Ann Arbor R. R. Co.* v. *King,* 68 O. S., 210; *Daniels* v. *Ballantine,* 23 O. S., 532-539; *Brewski* v. *Royal Brush Co.,* 8 C. C. (N.S.), 457; *Archdeacon* v. *Gas Co.,* 8 O. S., 27, pp. 40, 41.

The court has diligently read the briefs of counsel for plaintiff and defendants, and the authorities cited on this proposition have received as full consideration as the limited time given to the case would permit, and without seeking to distinguish or comment upon all the cases cited the court has come to the conclusion from a reading of the cases and the authorities on torts and negligence that the rule adopted by the court in the trial of this case is supported by the great weight of authority.

Furthermore, the court is of the opinion that counsel for plaintiff has no just cause to complain of the court's language in his charge on this point.

On the fifth page from the last of the charge, after telling the jury that their attention is called to a rule which the court says he thinks applies to cases such as this, the charge contains this language:

"The person who has been negligent is not to be held responsible in damages for the remote or far off consequences of his act, but only for those consequences which are proximate and natural. By the term natural consequences of an act of negligence is meant such consequences as might reasonably have been foreseen in the natural and ordinary course of events. By the term proximate as applied to the consequences of a negligent act is meant nearness, *and requires that there should be no other culpable or blamable efficient cause intervening or coming in between the defendant's act or acts of negligence and the loss or injury.*"
* * *

And on the fourth from the last page this language:

"And that this act of negligence was the sole and direct cause of the fall of the viaduct *and no other act of negligence of the plaintiff or any one else intervened or occurred to bring about or help to bring about the injury.*"

A reading of the entire charge and a view of it as a whole leads the court to believe that it is not open to the objection made by counsel for plaintiff on the point now under consideration. Of course, certain parts of the charge might be selected, and read alone would be open to the objection urged, but charges must be read as a whole and not piecemeal to determine whether or not they are open to criticism.

It is urged that the failure to plead the remoteness of the damage made it error for the court to charge on that question and the case of *Adams* v. *Young,* 44 O. S., 80, is cited. The court in that case was passing upon a demurrer to one of the defenses and therefore the question of remoteness could not be raised unless pleaded; but in this case the court did hold that the question of whether or not the defendant's negligence was the proximate cause of the injury was a question for the jury. If it was a question for the jury, then the jury should have been instructed as to the meaning of proximate cause and remote cause, if there was any evidence tending to show that the defendant's negligence was the proximate or remote cause.

It is urged that if there was error in the charge, prejudice will be presumed. This is true if the error is with reference to a controlling question in the case.

Again it is pointed out that it was error to charge that the defendant's negligence must be the sole cause of the plaintiff's injury in order to warrant a recovery against them, and cites 55 O. S., 342. We have examined that case and do not see that the language there employed would justify the court in holding that its charge in this particular was erroneous.

The defendants pleaded that by no neglect of theirs was the culvert clogged up. The court is of the opinion that it was not error to charge that if the culvert was clogged through no negligence of the defendants, *or by any act or acts over which the defendants had no control,* they would not be liable.

The court does not believe that there was any error in charging on the question of plaintiff's contributory negligence. That was pleaded by the defendants and was an issue in the case. If the plaintiff did construct its viaduct and Eighth street so defectively that these defects contributed to the fall of the viaduct, then the plaintiff had no right to charge the damage to the defendants. The evidence tended to show that the street and viaduct were constructed after the railroads' embankment and with knowledge on the part of the city of the conditions then existing. It was proper to submit to the jury the question of whether or not the plaintiff contributed to its own injury.

There are many other errors assigned by plaintiff touching the general and special charges and the failure of the court to fairly balance the charge in favor of the plaintiff; but the court feels that the case was fairly tried and every opportunity given the plaintiff to present its case. The jury decided adversely to plaintiff, and the court is not prepared to say that substantial justice has not been done. Upon a review of the whole case the court feels that the motion for a new trial and for judgment in favor of plaintiff should be overruled.