■ GLANTZ CONTRACTING CORPORATION, Respondent, v. 1955 ASSOCIATES, INC., et al., Appellants.— Judgment, entered May 9, 1963, unanimously modified on the law to the extent of (1) eliminating defendants Oak Point Associates and Chemical Bank New York Trust Company from the adjudicating paragraphs and (2) eliminating the fourth and fifth adjudicating paragraphs, and order granting motion for summary judgment, entered May 7, 1963, modified on the law to the extent of (1) eliminating defendants Oak Point Associates and Chemical Bank New York Trust Company from the ordering paragraphs and (2) eliminating the fourth and fifth subparagraphs under the first ordering paragraph which commence " On the Fifth Cause of Action " and " That an accounting ", respectively, and, as to defendants Oak Point Associates and Chemical Bank New York Trust Company judgment should be granted dismissing the complaint, without costs, and as so modified the judgment and order are affirmed, without costs of the appeal to any party. Plaintiff contractor may not obtain the impression of a trust under the Lien Law on the settlement funds received by landlord from the surety. It is not shown that the funds are trust funds within the meaning of subdivision 5 of section 70 of the Lien Law. Plaintiff has recourse, however, through its contract with tenant because landlord is obligated as a joint venturer with tenant. The lease agreement provided that " The Landlord and Tenant shall construct and erect a * * * modern industrial building [fully equipped] * * * at a total approximate cost of * * * $2,700,000.00 * * * to be borne and paid for * * * as follows: * * * the Landlord's share * * * shall be limited to (i) making available * * * the proceeds of the * * * Building Loan Mortgage of $1,150,000.00 and (ii) the * * * sum of $870,000.00. The balance * * * shall be borne and paid for by the Tenant

without limitation." Prima facie, this language establishes a joint venture, and no contemporaneous or competent fact is averred to suggest the contrary. Moreover, landlord performed some of the obligations of the joint venture, and the tenant others. Therefore, more was involved than a mere community of interest in an economic result. The project was undertaken for the continued joint benefit of landlord and tenant. Each contemplated profit from the facilities after the project was completed. The lease and construction arrangement and course of dealing show that landlord and tenant interchangeably represented their joint interests in dealings with third parties. Limitation of the landlord's monetary contribution, though it defines an obligation of the venturers *inter se*, does not make the venture any the less joint (see *Levine* v. *Goldberg*, 2 A D 2d 409, mot. for lv. to app. den. 2 A D 2d 967; *Montenegro* v. *Roxas*, 141 N. Y. S. 2d 681, 684–685; *Hasday* v. *Barocas*, 10 Misc 2d 22, 27–28). Since only landlord and tenant are liable under the contract with plaintiff, the judgment as to the other defendants must be reversed. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Stevens and Bastow, JJ.