■ INTIMA-EIGHTEEN, INC., Appellant, v A.H. SCHREIBER COMPANY, INC., et al., Respondents.—Order of the Supreme Court, New York County (Harold Tompkins, J.), entered October 17, 1990, which granted defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff Intima-Eighteen, Inc. ("Intima"), a New York corporation that provides labor to manufacturers of garments, and defendant A.H. Schreiber Company, Inc. ("Schreiber"), a manufacturer of women's wear, entered into a written "Partnership Agreement" for the production of more than 19,000 dozen nylon/lycra bicycle shorts for K-Mart, a large retail chain. Pursuant to the agreement, plaintiff was responsible for the manufacture and production of the required goods and defendant Schreiber was responsible for providing technical expertise, fabric and working capital for the venture. Payment by K-Mart was to be made to defendant Dor-Bet Company, a general partnership comprised of the principals of Schreiber, which was to receive and distribute the funds to the partners according to the agreement. Paragraph 11 provides: "A.H. Schreiber Company will be guaranteed a return of 35% on their investment of approximately $500,000 ($400,000 piece goods, $100,000 working capital). A.H. Schreiber is to receive 60% of all monies and Intima is to receive 40% of all monies paid by K-Mart Corporation to Dor-Bet Company until A.H. Schreiber has been paid for all fabric invoiced to Intima and all working capital funds advanced to Intima and a return of

35% thereon has been paid to A.H. Schreiber Company by Dor-Bet. Thereafter, Intima will receive 100% of all payments received from K-Mart Corporation to Dor-Bet."

Subsequent to performance of plaintiff Intima's contract with K-Mart and distribution of monies received in payment according to the agreement, plaintiff commenced the underlying action seeking monetary damages in the amount of $141,499.49, together with interest and costs. The complaint alleges that the amount of interest charged and paid to defendant Schreiber constitutes criminal usury pursuant to General Obligations Law § 5-521 and Penal Law § 190.40.

At the outset, we note that the transaction at issue is a joint venture in which plaintiff performed some functions and Schreiber performed others. Each of the venturers contemplated profit from the transaction which involved more than "a mere community of interest in an economic result" *(Glantz Contr. Corp. v 1955 Assocs.,* 20 AD2d 535, 536, *affd* 14 NY2d 931). The limitation on Schreiber's financial risk "does not make the venture any the less joint" *(supra,* at 536). Therefore, we do not view this transaction as a "loan" in which the usury laws are implicated.

Even assuming, as plaintiff urges, that a lender-borrower relationship existed, plaintiff may not avail itself of the usury laws. General Obligations Law § 5-521 (1) specifically provides: "No corporation shall hereafter interpose the defense of usury in any action." An exception to this prohibition is set forth in General Obligations Law § 5-521 (3), which permits a corporation to interpose a defense of criminal usury when the rate of interest exceeds 25 percent per annum, as set forth in Penal Law § 190.40. While the statute expressly prohibits only the interposition of usury as a "defense", this court has employed the principle that a party may not accomplish by indirection what is directly forbidden to it and has accorded the rule a broader scope *(MacQuoid v Queens Estates,* 143 App Div 134, 136). Thus, it is well established that the statute generally proscribes a corporation from using the usury laws either as a defense to payment of an obligation or, affirmatively, to set aside an agreement and recover the usurious premium *(Rosa v Butterfield,* 33 NY 665; *MacQuoid v Queens Estates, supra).* The statutory exception for interest exceeding 25 percent per annum is strictly an affirmative defense to an action seeking repayment of a loan *(see, Hammelburger v Foursome Inn Corp.,* 54 NY2d 580, 589; *Schneider v Phelps,* 41 NY2d 238, 242) and may not, as attempted here, be employed as a means

to effect recovery by the corporate borrower. Concur—Milonas, J. P., Ross, Kassal, Smith and Rubin, JJ.