Larry L. GREENE, Plaintiff,

v.

THE FIRST NATIONAL EXCHANGE BANK OF VIRGINIA, Defendant.

Civ. A. No. 72–C–102–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Sept. 14, 1972.

---

Roger A. Stetter, Legal Aid Society of Roanoke Valley, Roanoke, Va., for plaintiff.

David C. Hjortsberg, Eggleston, Butler & Glenn, Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, District Judge.

The issue in the present case involves the constitutionality of a Virginia statute which authorizes the use of self-help to repossess property sold under installment sales contracts.

The statute in question is § 9–503 of the Uniform Commercial Code as adopted in Virginia, § 8.9–503 of the Virginia Code, which allows the secured party to take possession of the collateral without judicial intervention if it can be done without a breach of the peace.

The plaintiff purchased a car using an installment sales contract. On default, agents of the defendant bank, to whom the note and contract had been assigned, repossessed his car without any apparent breach of the peace.

Plaintiff contends that the authorization given by this statute to non-state agents has deprived him of his property without due process of law. In effect, the attack is against the common law method of self-help used to obtain possession of property, which in Virginia has been codified.

The plaintiff relies upon the recent case of *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Hereinafter referred to as *Fuentes*.

The defendant has moved to dismiss this action for failure to state a cause of action upon which relief may be granted. It also relies upon *Fuentes*. Jurisdiction is based on 42 U.S.C. § 1983 and 28 U.S. C. § 1343.

■ The sole question before this court is the constitutionality of the Uniform Commercial Code's self-help provisions in § 9–503. The Fourteenth Amendment § 1 states in part " . . . nor shall any *State* deprive any person of . . . property, without due process of law . . ." (Emphasis supplied.) Thus, the Constitution speaks in terms of a state rather than a private individual depriving a person of his property.

The question in the *Fuentes* case was the constitutionality of Pennsylvania and Florida laws which authorized the summary seizure of an individual's personal property by a writ of replevin. In both cases private companies filed suit against the respective plaintiffs after a default in installment payments. In addition, each defendant sought to obtain possession of the property through replevin and signed the standard forms which were submitted to the proper officials. The writs of replevin were thereupon

issued and the sheriff or his agent in each case seized the goods. No notice or hearing concerning the replevin action was afforded to any of the plaintiffs. The issue then was whether the *state* had deprived the plaintiffs of their property without due process of law.

The Supreme Court held that state laws which did not provide for a hearing prior to the seizure of an individual's property by *state* agents violated due process and were unconstitutional. In the *Fuentes* case it was the state's agents who seized the goods not a private individual. The plaintiff in the present case contends that *Fuentes* should not be limited to its facts; that it should extend to all state laws which provide for seizure of one's personal property without a hearing. Thus, since § 9–503 provides for self-help methods of repossession without the requirement of a hearing, the state has deprived the plaintiff of his property without due process of law.

This court does not feel that *Fuentes* goes as far as the plaintiff contends. Indeed, the Court itself stated that its holding was narrow other than sweeping. *Fuentes*, 407 U.S. at 96, 92 S.Ct. at 2002, 32 L.Ed.2d at 579.

The Fourteenth Amendment states that no "State" shall deprive a citizen of his property without due process of law. The problem then is what is meant by state deprivation? Does the Fourteenth Amendment apply only to direct state action as in *Fuentes*, where state officials themselves seized the property, or does it also apply to indirect state action as in the present case where private persons acted under authority of a state law which required no positive state action?

The court in *Fuentes* stated "for more than a century the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must be notified.'" *Fuentes*, 407 U.S. at 80, 92 S.Ct. at 1994, 32 L.Ed.2d at 569. But the power which will affect one's rights is the direct power of the state through the exercise of one of its branches.

■ The cases appear clear in this area that under the Fourteenth Amendment due process is denied only when an arm of the state acts directly against an individual's property and deprives him of it without notice or a hearing. Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1972), state suspension of plaintiff's driver's license without a hearing; Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), denial to indigents of access to courts; Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971), state statute authorizing police chief to prevent sales or gifts of liquor to plaintiff without a hearing; Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), state's right to terminate public assistance to people receiving it without a hearing struck down; Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965), state adoption proceeding which did not notify true father unconstitutional; Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), state court decision on trust funds without proper notice to affected beneficiaries held unconstitutional. In all these cases some state official, agency, or branch took some direct action concerning an individual's rights or property without adequate notice or hearing.

In *Fuentes* the court again refers to state action as opposed to private action authorized by state law:

> The issue is whether procedural due process in the context of these cases requires an opportunity for a hearing *before* (emphasis in original) the *State* authorizes *its agents* to seize property in the possession of a person upon the application of another.

The constitutional right to be heard is a basic aspect of the duty of *government* to follow a fair process of decisionmaking when *it* acts to deprive a person of his possessions. (Emphasis otherwise supplied). *Fuentes*, 407 U.S. at 80, 92 S.Ct. at 1994, 32 L.Ed.2d at 570.

Any significant taking of property by the *State* is within the purview of the Due Process Clause. (Emphasis supplied). *Fuentes*, 407 U.S. at 86, 92 S.Ct. at 1997, 32 L.Ed.2d at 573.

The [Florida and Pennsylvania] statutes, moreover, abdicate effective state control over *state power*. Private parties serving their own private advantages may unilaterally invoke *state power* to replevy goods from another. (Emphasis supplied.) *Fuentes*, 407 U.S. at 93, 92 S.Ct. at 2001, 32 L.Ed.2d at 577.

■ It is this court's opinion, based on *Fuentes* and the prior cited cases, that passive state action such as is present in the instant case is not violative of due process. There must be active and direct state action.

■ The Fourteenth Amendment can control only the actions of states, not private individuals. Therefore, because the operation of the statute involved does not require the aid, assistance, or interaction of any state agent, body, organization, or function, the *state* has not deprived the plaintiff of his property.

It is also important to this decision that § 9–503 provides for self-help only if it can be attained peacefully. Thus, an aggrieved party has access to the courts if self-help is not used properly.

The court in *Fuentes* stated that self-help has always been part of the common law which does not require the intervention of the *state's power*. *Fuentes*, 407 U.S. at 79, 92 S.Ct. at 1993, 32 L.Ed.2d at 569, n. 12. § 9–503 is merely a codification of the common law.

■ Plaintiff was not required to turn over his car to the defendant's agents, although he may not have been aware of this fact. It was his privilege to retain possession of his car and force the defendant to use judicial methods of repossession. If he feels wrongful pressure was used to obtain possession, his remedy would be against the defendant in the state courts. Defendant's motion to dismiss must be sustained.