BICHEL OPTICAL LABORATORIES,
INC., Plaintiff-Appellant,

v.

The MARQUETTE NATIONAL BANK
OF MINNEAPOLIS, Defendant-
Appellee.

No. 73–1330.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 19, 1973.

Decided Nov. 7, 1973.

Rehearing Denied Dec. 6, 1973.

James B. Lund, Minneapolis, Minn.,
for plaintiff-appellant.

Stephen Winnick, Minneapolis, Minn.,
for defendant-appellee.

Before HEANEY, ROSS and STEPH-
ENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

This appeal raises the question of whether seizure by defendant-appellee bank of plaintiff-appellant borrower's funds and collateral in the form of accounts receivable without foreclosure or notice is an act under color of state law, thus giving rise to a claim under 42 U.S.C. § 1983. The trial court found that the alleged seizure by appellee bank did not constitute governmental action. *See* Bichel Optical Laboratories, Inc. v. Marquette National Bank, 336 F.Supp. 1368, 1372 (D.Minn.1971). We agree.

In 1967, appellee bank made several loans to appellant in exchange for promissory notes. The loans were secured by appellant's checking account with appellee bank and by means of a receivables security agreement. On September 20, 1968, 31-day renewal notes were executed in the amount of $4,000 bearing interest at 8%. The notes provided that in the event of appellant's insolvency, or in the event that appellant failed to keep a margin of security satisfactory to appellee bank, the latter had the right to accelerate payment of such indebtedness and to collect any collateral securing the notes, without giving prior notice or demand to appellant. Seven days after the renewal notes were executed appellee bank exercised its options under the notes which action was triggered by adverse financial information it had received concerning appellant. Appellee bank accelerated payment on the notes and proceeded to collect the collateral by notifying appellant's debtors to pay appellee

bank directly, and by setting off against appellant's checking account.

Appellant subsequently brought this action against appellee bank claiming that the seizure of funds without foreclosure or notice constituted violations of state and federal antitrust laws, the Robinson-Patman Act, and appellant's constitutional protection against unlawful search and seizure. Appellant also claimed that the loan was usurious.

Appellant moved to amend its complaint based upon alleged state and federal constitutional claims, and upon alleged breach of agreement. The trial court denied leave to add the constitutional claims, but allowed the additional claim of breach of agreement. Appellee bank in turn moved for partial summary judgment which was granted on the allegations as to usury and violation of the Robinson-Patman Act. The remainder of the case was tried to a jury. Appellee bank received a directed verdict on the alleged antitrust violations and a jury verdict on the remaining claims.

■ It is from the trial court's denial of appellant's motion to amend its complaint to include the constitutional claim that appellant appeals.[1] In effect, appellant sought to challenge the constitutionality of the pre-judgment "self-help" remedies as authorized by statute in Minnesota under Article 9 of the Uniform Commercial Code. See Minn.Ann.Stat. §§ 336.9–502(1), 336.9–503 and 336.9–504. Essentially, appellant now contends that since Minnesota has provided the machinery for the alleged seizure by a private party by means of a pervasive statutory scheme, the state has significantly involved itself in the pre-judgment "self-help" process.

Unlike Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), which involved the pre-judgment seizure of goods by a state agent pursuant to a private creditor's writ of replevin, the procedures challenged herein by appellant involve only private actions arising out of the express written agreements between the parties. See Adams v. Southern California First National Bank, 492 F.2d 324, at 329, 337–338 (CA9, 1973).

■ It is our view that the State of Minnesota by the mere passage of the Article 9 "self-help" remedies has not so significantly involved itself in the procedures followed by appellee bank as to constitute an act under color of state law giving rise to a § 1983 action. Adams v. Southern California First National Bank, supra, 492 F.2d 324 (CA9, 1973); see also Pease v. Havelock National Bank, 351 F.Supp. 118, 120 (D.Neb.1972); accord, Kirksey v. Theilig, 351 F.Supp. 727, 732 (D.Colo.1972); Greene v. First National Exchange Bank of Virginia, 348 F.Supp. 672, 673–675 (W.D.Va.1972).[2] We therefore affirm the decision of the trial court denying appellant's motion to amend its complaint to include the alleged deprivation of constitutional rights.

Affirmed.

---

1. Appellant moved to add alleged violations of the constitutions of both the United States and the State of Minnesota. This included allegations based upon the due process clauses of the Fifth and Fourteenth Amendment of the United States Constitution and Article 1, Section 7 of the Minnesota Constitution, and upon the search and seizure clauses of the Fourth Amendment of the United States Constitution and Article 1, Section 10 of the Minnesota Constitution. The trial court held that "[b]oth due process clauses of the Federal Constitution are by their terms restrictions upon the *state* government, not upon private parties as here. Similarly, the Fourth Amendment to the United States Constitution and Article 1, Sec. 7 of the Constitution of the State of Minnesota are constraints upon the federal and state governments, respectively. The fact that the defendant Bank is a national bank in no way makes it an arm or agent of either government, and there is no allegation that officials of either government were in any way involved." 336 F.Supp. at 1372.

Appellant now raises for our determination alleged violations of the same constitutional provisions as those raised in its motion to amend its complaint. We find its claim based upon deprivation of constitutional rights by federal action to be wholly without merit, and therefore confine our discussion to appellant's claim based upon alleged state action.

2. See 57 Minn.L.Rev. 621 (1973).