Mickey NOWLIN and Arlene Nowlin,
Appellants,

v.

PROFESSIONAL AUTO SALES, INC.,
Appellee,

and

Dennis Henson, d/b/a M. W. S. Recovery
Service, Intervenor.

Leroy MAYHUGH, Appellant,

v.

BILL ALLEN CHEVROLET CO. and
General Motors Acceptance Corp.,
Appellees.

Nos. 73-1348 and 73-1450.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1973.

Decided April 25, 1974.

———◆———

Terrence J. Ferguson, (argued) and R. Ladd Lonnquist, Robert S. Catz, Legal Aid Society of Omaha-Council Bluffs, Inc., Omaha, Neb., Michael B. Weisz, (argued) Legal Aid Society of San Diego, Inc., San Diego, Cal., Richard A. Weisz, Legal Aid Foundation of Long Beach, Long Beach, Cal., for Mickey Nowlin and Arlene Nowlin.

James A. Hogan, Bernard Walsh, Jr., (argued), Michael C. Washburn, Robert A. Skochdopole, (argued) and Lyman L. Larsen, Omaha, Neb., for Professional Auto Sales et al.

Charles C. Shafer, Jr. and Howard Chamberlin, Kansas City, Mo., for Leroy Mayhugh.

James W. Benjamin, Paul Scott Kelly, Jr., (argued) and Lucian Lane, Courtney W. Perkins, Kansas City, Mo., for Bill Allen Chevrolet et al.

Before LAY and HEANEY, Circuit Judges, and HARPER, Senior District Judge.*

PER CURIAM.

These two cases were consolidated for argument. In each, the issue on appeal is whether the self-help repossession of plaintiffs' motor vehicles, after plaintiffs defaulted on payment contracts which provided for such repossession, were acts under color of state law, thus creating a cause of action under 42 U.S. C. § 1983. Plaintiffs' contentions are that enactment of §§ 9-503 and 9-504 of the Nebraska Commercial Code and §§ 400.9-503 and 400.9-504 of the Missouri Commercial Code, which authorize self-help repossession, constitute sufficient state involvement to invoke the jurisdiction of the federal courts.

* The Honorable Roy W. Harper, United States Senior District Judge, Eastern and Western Districts of Missouri, sitting by designation.

In each case, the district court dismissed the complaint for lack of subject matter jurisdiction, finding that there was no state action. We affirm both judgments.

The facts in the *Nowlin* case need only brief recitation. Plaintiff Nowlin purchased a 1967 Plymouth automobile from defendant Professional Auto Sales. After receiving a $500 trade-in allowance, Nowlin signed an installment sales contract for the balance due. When Nowlin defaulted on the payments, defendants, without prior notice or hearing, took the automobile from its parking place in front of Nowlin's home. After defendants refused Nowlin's request to return the automobile, plaintiff Nowlin brought this action, claiming an unconstitutional taking of his property without due process of law.

In the *Mayhugh* case, the facts are basically similar. In October, 1970, Mayhugh purchased a 1970 Chevrolet truck from defendant Bill Allen Chevrolet. Mayhugh traded in a 1969 Plymouth automobile and paid $500.00 in cash. For the balance due, Mayhugh signed an installment sales contract. Defendant Bill Allen Chevrolet assigned this contract to defendant General Motors Acceptance Corporation. Mayhugh made no payments on the contract after November, 1971. During that month, Mayhugh delivered the truck to Bill Allen Chevrolet for repair of the frame, which had become cracked. Allen Chevrolet offered to repair the truck, but Mayhugh refused the type of repair offered. Mayhugh instead demanded replacement or repurchase of the truck by Allen Chevrolet, and threatened legal action if his demand was not met. Mayhugh refused to accept redelivery of the repaired truck. On December 14, 1971, defendant General Motors Acceptance Corporation repossessed the truck for failure to keep up with the payments. At the time of repossession, the truck was parked on the lot of Bill Allen Chevrolet, where plaintiff had delivered it after discovering the cracked frame.[1] Mayhugh then filed this suit, alleging violation of his due process rights under color of state law.

Recently, in Bichel Optical Laboratories v. Marquette National Bank, 487 F. 2d 906 (8th Cir. 1973), we had occasion to consider the issue presented here. The court there held that:

> [T]he State of Minnesota by the mere passage of the Article 9 "self-help" remedies has not so significantly involved itself in the procedures followed by appellee bank as to constitute an act under color of state law giving rise to a § 1983 action.

*Bichel, supra* at 907.

We adhere to that view in the present cases. Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), is clearly distinguishable. As we noted in *Bichel,* while *Fuentes* involved the prejudgment seizure of goods by a state agent pursuant to a writ of replevin, the procedures challenged in *Bichel* and in the instant cases "involve only private actions arising out of the express written agreements between the parties." *Bichel, supra,* 487 F.2d at 907. *See also* Shirley v. State National Bank, 493 F.2d 739 (2d Cir. 1974); Adams v. Southern California First National Bank, 492 F. 2d 324 (9th Cir. 1973); Kirksey v. Theilig, 351 F.Supp. 727 (D.Colo.1972); Pease v. Havelock National Bank, 351 F.Supp. 118 (D.Neb.1972); Greene v. First National Exchange Bank, 348 F. Supp. 672 (W.D.Va.1972); Oller v. Bank of America, 342 F.Supp. 21 (N.D. Cal.1972).

The judgments are affirmed.

---

1. Because of these facts, the district court in *Mayhugh,* after first finding no significant state involvement, held alternatively that relief should be denied because Mayhugh had voluntarily abandoned his possessory rights in the truck by rejecting it "in preparation for a suit for damages for breach of the sale agreement, including return of the purchase price." In view of our affirmance on the jurisdictional issue, we have no occasion to consider this alternative holding.