**MUNICIPAL LEASING SYSTEMS, INC., a corporation, Plaintiff,**

v.

**The NORTHAMPTON NATIONAL BANK OF EASTON, a national banking association, Defendant.**

**Civ. A. No. 74–1279.**

United States District Court, E. D. Pennsylvania.

Sept. 19, 1974.

---

969

Jeffrey A. Less, Dilworth, Paxson, Kalish, Levy & Coleman, Philadelphia, Pa., for plaintiff.

David F. Dunn, Allentown, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

Defendant has filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a cause of action. The motion will be granted.

The amended complaint contains five counts. The jurisdictional and factual basis for the asserted claims are not entirely clear from the amended complaint, but defendant raises no issue as to whether the amended complaint is sufficiently definite to comply with Fed.R. Civ.P. 8(a).

Counts I, II and III allege "liability" under 12 U.S.C. § 86, which provides a cause of action for recovery of twice the amount of any usurious interest paid to a national bank. Such actions may be filed in a federal district court, venue being the district wherein the bank is located. 12 U.S.C. § 94. A national bank in a particular state may charge the same maximum interest as is permitted by state law to state banks. Interest in excess of such maximum would be usurious. 12 U.S.C. § 85.

970

Plaintiff's original complaint alleges that plaintiff is a Pennsylvania corporation. The amended complaint asserts that it "realleges the complaint by reference." The amended complaint further alleges that plaintiff is "a leasing company, specializing in leasing pursuit cars and other equipment to municipalities." Although not expressly stated, it is clear that plaintiff is a Pennsylvania business corporation. The complaint further alleges that the defendant is a national bank with its principal place of business in Easton, Pennsylvania, which is within the Federal Judicial District of the Eastern District of Pennsylvania.

█ Counts I and II are for recovery of double the amount of claimed usurious interest paid by plaintiff to defendant on certain loans. A Pennsylvania business corporation may not assert a defense of usury nor maintain an action in either Pennsylvania state courts or a federal court sitting in Pennsylvania to recover usurious interest or any statutory penalty provided for usurious loans.

Section 313 of the Business Corporation Law of Pennsylvania provides as follows:

No business corporation shall plead or set up usury, or the taking of more than six per cent interest, as a defense to any action brought against it to recover damages on, or to enforce payment of, or to enforce any other remedy on, any mortgage, bond, note, or other obligation executed or effected by the corporation.

Pa.Stat. tit. 15, § 1313. The above quoted statute has repeatedly been held to bar affirmative action on the part of a business corporation to recover usurious interest, or any statutory penalty, or to rescind, reform or alter the terms and conditions of the contract of loan. All Purpose Finance Corp. v. D'Andrea, 427 Pa. 341, 346, 235 A.2d 808 (1967); Raby v. Commercial Banking Corp., 208

Pa.Super. 52, 54, 220 A.2d 659 (1966); Pink Lady, Inc. v. William Penn Loan Co., Inc., 189 Pa.Super. 187, 150 A.2d 154 (1959); 16 Pa.D. & C.R.2d 505 (Philadelphia County Court of Common Pleas). As stated in Raby v. Commercial Banking Corp., supra, 208 Pa.Super. at 54, 220 A.2d at 660:

This statute bars a corporation from claiming usury either as a "shield" to defend an action to recover alleged usurious interest or as a "sword" to recover money already paid and alleged to be usurious.

To the same effect is Brierly v. Commercial Credit Co., 43 F.2d 724, 728–729 (E.D.Pa.1929), aff'd, 43 F.2d 730 (3d Cir. 1930), decided under another statute[1] which is identical insofar as applicable to this case. Other courts have similarly interpreted analogous statutes of other jurisdictions. Bichel Optical Laboratories, Inc. v. Marquette National Bank of Minneapolis, 336 F. Supp. 1368 (D.Minn.1971), aff'd, 487 F.2d 906 (8th Cir. 1973).[2]

The Comptroller of Currency has issued a ruling in its Manual for National Banks that:

A national bank located in a state the law of which denies the defense of usury to a corporate borrower may charge a corporate borrower any rate of interest agreed upon by such borrower.

See Northway Lanes v. Hackley Union National Bank and Trust Co., 334 F. Supp. 723, 727 (W.D.Mich.1971).

█ Plaintiff, however, contends that a statute adopted and effective as of January 30, 1974 (Pa.Stat. tit. 41, §§ 101–605 (1 Pa.Leg.Serv. 9, 1974), permits a corporation to assert a claim for recovery of triple the amount of the excess interest paid. This is based on the contention that section 502 of that Act affords such remedy to "a person who has paid" excessive interest, and section

1. Brierly was decided under the Act to Regulate Interest, Pa.Stat. tit. 41, § 2 (repealed January 30, 1974), which similarly barred a corporation from recovering excess interest, or asserting usury as a defense.

2. For a discussion of cases from various jurisdictions, see Bichel, supra at 1370.

101 defines "person" to include corporations. This argument overlooks section 604 which provides:

If any maximum lawful rate of interest provided for in this act is inconsistent with the provision of any other act establishing, permitting or removing a maximum interest rate, or prohibiting the use of usury as a defense, then the provision of such other act shall prevail.

It is clear that this Act did not repeal section 313 of the Business Corporation Law which prohibited a corporation from asserting usury as a defense, nor was the statute intended to override the long established case law that precluded such a corporation from recovering excessive interest paid or statutory penalties.

■ Counts I and II to recover double the amount of claimed excessive interest must be dismissed. Count III also claims under 12 U.S.C. § 86, and seeks relief "from all interest paid" plus an equal additional sum. In addition this count is apparently based on a contention that defendant exceeded its lawful lending capacity under 12 U.S.C. § 84(13). If a national bank exceeds its lending capacity, no private cause of action is afforded to a private borrower. Gold-Mining Co. v. National Bank, 96 U.S. 640, 24 L.Ed. 648 (1878). Unlike Gold-Mining, plaintiff contends that it does not seek to avoid liability for the amount loaned in excess of the legal limits but only recovery of excessive interest. Plaintiff, claiming his theory of recovery may be of "first impression" cites no authority or suggested analogous cases. Even if the loans exceeded defendant's legal limits, plaintiff asserts no private cause of action, by reason of such improper action on the part of the bank.

■ Apparently, Count III attempts to rely on the maximum interest charge provisions of the Pennsylvania Motor Vehicle Sales Finance Act, Pa. Stat. tit. 69, § 601 et seq. If so, plaintiff, as a business corporation, is still precluded from asserting a claim under 12 U.S.C. § 86 for refund of excessive interest paid. Moreover, the Pennsylvania Motor Vehicle Sales Finance Act is concerned with protection of the retail buyer of automobiles, and the Act, insofar as applicable to this case, would have no effect on loans made to plaintiff, a business corporation for "587 direct vehicle loans." (Paragraph 18 of the amended complaint). Count III will be dismissed.

■ Count IV "alleges liability and seeks relief pursuant to the ancillary jurisdiction" of the court. In plaintiff's brief, it is conceded that this count, depending on ancillary jurisdiction is only maintainable if there is some independent basis for federal jurisdiction arising out of one or more of the other counts. The count apparently charges that the defendant bank improperly made charges against plaintiff's bank account, refused to honor certain checks drawn against the account and in other ways "mishandled" plaintiff's bank account. This is purely a matter for state court determination. There being no diversity jurisdictional basis, and in view of the dismissal of all other counts, this cause of action must likewise fall.

■ Count V seeks "relief from liability for loans based on 12 U.S.C. § 71a," which statute requires that a national bank have five directors; plaintiff asserting that defendant bank had less that five directors during a period of time when it made loans to plaintiff. Plaintiff's brief concedes that this does not state a cause of action. The brief simply states:

Count V should be dismissed. The defendant is right.

The Act is specific as to the procedure for imposing penalties or sanctions through the Comptroller of Currency for any violation of 12 U.S.C. § 71a, and it clearly does not give a borrower any private civil cause of action. This is especially true, where, as here, there is no

allegation of any harm or damage to plaintiff, but merely an assertion that plaintiff "seeks to avoid all loans to it."

None of the counts state a valid cause of action. The action will be dismissed.