Larry J. **RYNEARSON**, Plaintiff,

v.

**FIRST NATIONAL BANK OF ROCHESTER, Albert M. Price, David E. Hastings, George W. Loughman, State Exchange Bank of Culver, Dale L. Cramer, Robert W. Manuwal, Jack L. Carpenter, Kenneth C. Aemmer, John/Jane Doe #1 through #100 true Christian names unknown, James J. Fritts (J. Doe #1), T. Edward Ummel (J. Doe #2), Defendants.**

No. S 84–241.

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 20, 1985.

Larry J. Rynearson, pro se.

Stanley Lawton, Richard A. Smikle, Indianapolis, Ind., William K. Kohn, South Bend, Ind., James S. Downing, Malcolm C. Mallette, Indianapolis, Ind., Lawrence M. Brown, Rochester, Ind., Timothy W. Woods, South Bend, Ind., for defendants.

T. Edward Ummel, Plymouth, Ind., pro se.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This cause is before the court on six motions to dismiss of the various defendants.[1] All defendants challenge the merits of the claim presented in plaintiff's complaint and request that this action be dismissed pursuant to F.R.Civ.P. 12(b)(1) for lack of jurisdiction over the subject matter and/or F.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted. For the reasons stated below, all of the claims against all of the defendants are dismissed pursuant to F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### I.

The facts underlying this suit are as follows. On or about September 30, 1974, plaintiff entered into a real estate mortgage agreement with the First National Bank of Rochester (First National) for the sum of $31,400.00. Thereafter, plaintiff procured additional loans from the State Exchange Bank (State Exchange Bank) in Culver, Indiana. On August 16, 1978, he borrowed the sums of $70,000 and $20,000 and on November 24, 1978, he borrowed the sum of $6,500 from State Exchange Bank. Subsequently, these loans, evidenced by separate promissory notes, were consolidated and on November 27, 1981 additional collateral was acquired to secure repayment on the loans. Plaintiff did not repay the loan according to its terms and on October 5, 1983, State Exchange Bank commenced legal proceedings to foreclose the mortgages given as security for the loan and to collect any unpaid balance.[2] Suit was instituted in the Fulton County Circuit Court, Cause No. 83-289, *State Exchange Bank v. Larry J. Rynearson and Bethany A. Rynearson and First National Bank of Rochester, Indiana.* First National was named defendant in the foreclosure action because it held the first mortgage on the real estate in question. It filed a cross-claim to protect its first mortgage interest.

The Fulton County Circuit Court entered judgment for State Exchange Bank on February 14, 1984 and ordered that the mortgages sued upon by State Exchange Bank and First National be foreclosed. Pursuant to this order, plaintiff's property was sold by sheriff's sale on April 23, 1984 to James J. Fritts.

On April 18, 1984 plaintiff, Larry Rynearson, filed a complaint in this court alleging a cause of action under the following statutes: 18 U.S.C. § 241; 18 U.S.C. § 242; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42

---

1. On May 11, 1984, defendants, State Exchange Bank, Dale L. Cramer, Robert W. Manuwal, Jack L. Carpenter and Kenneth C. Aemmer, filed a motion to dismiss the claims against them pursuant to F.R.Civ.P. 12(b)(1) or 12(b)(6). Plaintiff filed an affidavit in opposition to the motion to dismiss on May 18, 1984 to which these defendants replied on May 24, 1984. At that time, these defendants also filed a motion to impose sanctions against plaintiff for violation of F.R.Civ.P. 11. Defendants, First National Bank of Rochester, Albert M. Price, David E. Hastings and George W. Loughman, filed their motion to dismiss pursuant to F.R.Civ.P. 12(b)(1) and/or 12(b)(6) on January 11, 1984. On June 18, 1984, plaintiff filed an amended complaint adding James J. Fritts and T. Edward Ummel as defendants. Motions to dismiss the amended complaint pursuant to F.R.Civ.P. 12(b)(1) and/or 12(b)(6) were filed on June 27, 1984 by defendants, First National Bank of Rochester, Albert M. Price, David E. Hastings and George W. Loughman, and on July 2, 1984 by defendants, State Exchange Bank, Dale L. Cramer, Robert W. Manuwal, Jack L. Carpenter and Kenneth C. Aemmer. Defendant, James J. Fritts, filed his motion to dismiss the amended complaint on July 5, 1984. Thereafter, the last named defendant, T. Edward Ummel, filed his motion to dismiss plaintiff's amended complaint for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted on July 10, 1984. Pursuant to *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982), this court entered an order on July 13, 1984 giving plaintiff fifteen days to respond to any and all motions to dismiss. In response to such order, plaintiff filed his second objection to the motions to dismiss of all the named defendants on July 26, 1984.

2. The note held by First National was not actually in arrears. *See* Memorandum in Support of Motion to Dismiss of Defendants First National Bank of Rochester, Albert M. Price, David E. Hastings, and George W. Loughman filed June 11, 1984, p. 1.

U.S.C. § 1986; 28 U.S.C. § 1331; and 28 U.S.C. § 1343. Plaintiff claims the defendant banks and their officers and agents breached contracts with the plaintiff regarding the loan of money (Count One), perpetrated a fraud on the plaintiff under the loan contracts (Count Two), charged usurious interest notes on the monies loaned (Count Three), and conspired against the plaintiff to take actions to harm him (Count Four). All four counts of plaintiff's complain stem from a primary claim that defendants did not actually loan plaintiff lawful or legal tender but merely granted him "bank credit." Plaintiff "demands that the judgments of State Exchange Bank and First National in Cause # C 83–289 in the Fulton County Court be declared 'ultra vires' illegal, null and void and dismissed with prejudice," and further seeks compensatory, exemplary and punitive damages.

In his amended complaint, plaintiff claims that defendant, Dale L. Cramer, an alleged officer or agent of State Exchange Bank conspired with newly named defendant, Edward T. Ummel (Ummel), an attorney alleged to have prosecuted a foreclosure action against the plaintiff on behalf of State Exchange Bank and newly named defendant, James T. Fritts (Fritts), the alleged purchaser of plaintiff's foreclosed property at a Sheriff's Sale, to deprive plaintiff of his property, under color of law, despite having received notice of this pending lawsuit. Plaintiff further alleges Cramer maliciously conspired with Ummel to have the Fulton County (Indiana) REMC shut off the electrical power to plaintiff's property which had been foreclosed. Moreover, contemporaneous with the filing of this lawsuit, plaintiff filed documents called "Common Law Liens" against the real property of the defendants. Jurisdic-

tion of this court is predicated upon 28 U.S.C. § 1331 and § 1343.[3]

## II.

■ The complaint purports to state an action cognizable under 42 U.S.C. §§ 1983, 1985 and 1986 against the named defendants. The court will address first the section 1983 claims. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege a deprivation of rights, privileges or immunities secured by the Constitution or laws of the United States effected under state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981). Having carefully reviewed the pleadings in this case, this court concludes that plaintiff's complaint is deficient in these two elements. Plaintiff has not alleged a deprivation of a right, privilege or immunity arising under the Constitution or laws of the United States in Counts One, Two, or Three nor has he specifically alleged state action in connection with these imputed deprivations.

■ This action includes a large cast of defendants with varying degrees of involvement in the conduct forming the basis of this complaint. Plaintiff's causes of action are all attempts to void his obligation to repay certain loans from State Exchange Bank and to recover loan interest previously paid on the ground that the monies he received did not constitute legal tender and were therefore insufficient consideration for his promise to repay. Plaintiff did not allege that there was any state action involved in the loan activity nor could he make such an allegation. Even though the bank is an entity subject to regulation by the state, such regulation does not convert the bank's private loan actions to state action. *Jackson v. Metropolitan Edison*

---

3. Plaintiff has also attempted to invoke the jurisdiction of this court pursuant to 18 U.S.C. §§ 241 and 242 and 42 U.S.C. §§ 1983, 1985 and 1986. Title 18 U.S.C. §§ 241 and 242 declare that certain violations of civil rights are criminal offenses. These statutes do not address the issue of a federal court's jurisdiction and in any event these criminal offenses can only be prosecuted by criminal actions initiated by the proper

United States authorities and not by a private individual. Similarly, 42 U.S.C. §§ 1983, 1985 and 1986 are post-civil war enactments of 1871 and were enacted as parts of the Ku Klux Klan Act in order to protect certain civil rights, particularly those of black citizens. These statutes are not jurisdictional statutes but rather enabling statutes.

*Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). Indeed, a state's acquiescence in banking practices does not make those practices acts under color of state law. *Fletcher v. Rhode Island Hospital First National Bank*, 496 F.2d 927 (1st Cir.) *cert. denied*, 419 U.S. 1001, 95 S.Ct. 320, 42 L.Ed.2d 277 (1974). Therefore, any acts of the defendant banks, their officers and agents complained of by plaintiff were not committed by persons "acting under color of state law."

■■■ Plaintiff's complaint further demonstrates that he is trying to collaterally attack the legal proceedings instituted by State Exchange Bank in the Circuit Court of Fulton County, Cause No. C 83–289, to foreclose the mortgages given as security for such loans. He, again, seeks to find liability on the part of the defendant banks, their officers and agents for their role in these activities. The court, however, finds no merit to this argument. The use of legal proceedings in a state court to collect unpaid loans is not action under color of state law. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Bloomer Shippers Association v. Illinois Central Gulf Railroad Company*, 655 F.2d 772, 776 (7th Cir.1981). More specifically, a suit to foreclose and sell land in execution of a judgment does not constitute state action. *Earnest v. Lowentritt*, 690 F.2d 1198, 1201 (5th Cir.1982).

■■■ Moreover, plaintiff fails to allege, with any degree of specificity, the manner in which the individual defendants deprived him of any constitutional right. It is a well established principle of law in this circuit that to recover damages under 42 U.S.C.

§ 1983, a plaintiff must establish a defendant's *personal* responsibility for the claimed deprivation of a constitutional right. *Wellman v. Faulkner*, 715 F.2d 269, 275 (7th Cir.1983); *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir.1981); *Sulie v. Duckworth*, 583 F.Supp. 995, 999 (N.D.Ind.1984). This requirement is satisfied only "if [the defendant] acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the constitutional deprivation occurs at [defendant's] direction or with [defendant's] knowledge and consent." *Wellman v. Faulkner*, 715 F.2d at 275.

In the portion of plaintiff's complaint labeled "Factual Background" (See complaint, Section IV, pp. 4–11), plaintiff does make allegations with respect to some of the individual defendants. He contends that Albert M. Price represented to him that First National was loaning the sum of $31,500.00 at an interest rate rate of 8½%. He further alleges that Jack L. Carpenter represented that State Exchange Bank was loaning to him the sums of $70,000.00, $20,-000.00 and $6,500.00, at the rates of 9½%, 10% and 10% respectively. Plaintiff also states that Jack L. Carpenter and Robert W. Manuwal coerced him into consolidating his loans at State Exchange Bank and advancing additional collateral to secure repayments on the loans. None of these allegations evidence a situation in which any particular defendant participates in any deprivation of plaintiff's constitutional rights.[4]

■■■ Counts One, Two, Three or Four of plaintiff's complaint also fail to state a claim under 42 U.S.C. § 1985.[5] Section 42

---

4. Plaintiff claims that these defendants made fraudulent representations to him. He contends that a loan consisting of "bank credit" is not a loan of legal tender and not authorized by the Constitution or any laws. Such a claim is preposterous. Assuming arguendo, that the defendant banks did exceed their lending capacity, plaintiff may not avoid liability for those loans. *See Union Gold Mining Co. v. Rocky Mountain National Bank*, 96 U.S. (6 Otto) 640, 24 L.Ed. 648 (1878); *Municipal Leasing Systems, Inc. v. Northampton National Bank of Easton*, 382 F.Supp. 968, 971 (E.D.Pa.1974).

5. Section 42 U.S.C. § 1985 provides:
*Preventing officer from performing duties*
(1) If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his

U.S.C. § 1985 is derived from section 2 of the Ku Klux Klan Act of 1871. It creates a cause of action based on a conspiracy which deprives one of access to justice or equal protection of law. The only section of § 1985 upon which plaintiff could conceivably base his complaint is section (3) which prevents conspiracies which deprive persons of equal protection or other rights and privileges. To state a cause of action under section 1985(3), a complaint must allege that the acts complained of were the product of racial or class based animus. *Griffin v. Breckenridge,* 403 U.S. 88, 100–02, 91 S.Ct. 1790, 1797–98, 29 L.Ed.2d 338 (1971); *Bell v. City of Milwaukee,* 746 F.2d 1205, 1233 (7th Cir.1984). The only conceivable argument plaintiff may rely on is that of bias toward plaintiff and others because of their economic views, status or activities. However, conspiracies motivated by this form of bias are not covered by § 1985(3). *See United Brotherhood of Carpenters and Joiners of America, Local 610, AFL–CIO v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 3360–61, 77 L.Ed.2d 1049 (1983) (a conspiracy to deny non-union employees and employers of the protection of civil and criminal laws is not covered by § 1985(3) where the conspiracy was motivated by bias against the economic views, status and activities of non-union persons). Because this complaint contains no allegations of racial or class based animus, the 42 U.S.C. § 1985(3) claim is unsupportable and will be dismissed.

■ In addition, plaintiff purports to allege a claim under 42 U.S.C. § 1986. No claim lies under 42 U.S.C. § 1986 in the absence of a valid claim under 42 U.S.C. § 1985. *Bell,* 746 F.2d at 1233; *Williams v. St. Joseph Hospital,* 629 F.2d 448, 451–52 (7th Cir.1980). Thus, dismissal of the 42 U.S.C. § 1985(3) claim also requires dismissal of the 42 U.S.C. § 1986 claim.

■ Finally, in paragraph 23 of the complaint, plaintiff has alleged that defendants State Exchange Bank and Jack L. Carpenter violated the disclosure provisions of the Truth in Lending Act 15 U.S.C. § 1601 *et seq.* Plaintiff, as proof of such allegation, attached copies of disclosure

office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

*Obstructing justice; intimidating party, witness, or juror*

(2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

*Depriving persons of rights or privileges*

(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory to equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case or conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

statements as Exhibit G. However, such exhibit clearly shows that the disclosures were made on August 16, 1978. Any claim plaintiff might have had regarding disclosure is now time-barred by the one year statute of limitations contained in Title 15 U.S.C. § 1640(e). Therefore, plaintiff has failed to state a claim for relief under the Federal Truth in Lending Act.

### III.

The court notes the following statements made by plaintiff in his Affidavit in Opposition to Motion to Dismiss filed May 18, 1984:

m. The Doctrine of Absolute Immunity, as applied to judges, exists only when the judge acts within his jurisdiction. There are numerous Supreme Court decisions on this. See *Randall v. Brigham*, 74 U.S. [7 Wall.] 523, 19 L.Ed. 285 or 9 S.Ct. Digest 746.

n. Judge Allen Sharp would therefore, become liable to the Plaintiff for civil damages, if he acted without jurisdiction and dismissed this case without first having preserved the right of trial by jury under the 7th amendment he swore to uphold.

Plaintiff is here advised that this court will not tolerate any threats or forms of intimidation on the part of any party before it. This court has carefully examined the record in this case and has applied well established legal principles. As discussed above, the complaint in this case contains glaring deficiencies. Plaintiff is clearly dissatisfied with the outcome of the suit brought against him by State Exchange Bank in the Circuit Court of Fulton County. However, appropriate methods existed by which he could have challenged that judgment in the court system of the state of Indiana. This court will not allow the improper use of the civil rights statutes to hinder these defendants in carrying out their rights pursuant to a valid state court judgment and will not permit an end run around state appellate procedures.

Accordingly, it is the order of this court that, pursuant to F.R.Civ.P. 12(b)(6), the motions to dismiss of all the defendants are GRANTED; plaintiff's claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986 and 15 U.S.C. § 1601 *et seq.*, stated in plaintiff's original complaint as incorporated in plaintiff's amended complaint and paragraphs 10 through 19 of plaintiff's amended complaint are DISMISSED. It is further ordered that costs be assessed against plaintiff. SO ORDERED. Enter February 20, 1985.