497 F.2d 404
 14 UCC Rep.Serv. 1468
 Leola NICHOLS, for herself and all others similarly
situated, Appellant,
v.
TOWER GROVE BANK, a banking corporation for itself and all
others similarly situated as a class of
defendants, et al., Appellees.
 No. 73-1621.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 17, 1974.
Decided May 13, 1974.
 
 D. Sherman Cox, St. Louis, Mo., for appellant.
 C. Perry Bascom, St. Louis, Mo., for Tower Grove Bank.
 Mark D. Mittleman, Asst. Atty. Gen., Jefferson City, Mo., for state officials.
 Before MATTHES, Senior Circuit Judge, HEANEY, Circuit Judge, and SMITH, Senior District Judge.*
 PER CURIAM.
 
 
 1
 The issue on appeal is whether the self-help repossession and sale of appellant's automobile, after appellant defaulted on payments under a contract which provided for repossession and sale, were acts under color of state law giving rise to an action under 42 U.S.C. 1983.
 
 
 2
 The District Court held that the actions of the creditor in repossessing and selling were of a private nature and did not amount to state action. It dismissed the appellant's action for lack of subject matter jurisdiction.
 
 
 3
 The facts, as summarized in the District Court's opinion, follow:
 
 
 4
 * * * In September, 1971, plaintiff purchased a used 1969 Chevrolet automobile from a dealer, and in connection with such purchase executed an installment promissory note and a retail installment contract which set forth the terms and conditions of the security arrangement pursuant to which the automobile was purchased. The contract expressly authorized the secured party to repossess the automobile in the event of default. It provides for notice to be given to the buyer prior to any sale, public or private.
 
 
 5
 A certificate of ownership was issued in plaintiff's name. Shortly thereafter the contract and note were assigned to Tower Grove Bank and Trust Company (Bank), the Bank's lien being noted on the certificate of title as provided for under Section 301.600, V.A.M.S. Plaintiff defaulted in making at least three monthly installment payments, following which the Bank accelerated the note in accordance with its terms and peacefully exercised its right under the contract to repossess the automobile without judicial notice or assistance.
 
 
 6
 Subsequently, the Bank proceeded to foreclose its security interest in the automobile by selling it at private sale. There is no contention that the sale was not conducted in a commercially reasonable manner as required by Section 400.9-504(3), V.A.M.S. In connection with the repossession and sale, the Bank mailed an Affidavit of Repossession to the Department of Revenue of the State of Missouri and in due course received a 'repossessed title' which it delivered, duly assigned, to the purchaser at private sale. The procedure it followed was mandated by Section 301.215, V.A.M.S.
 
 
 7
 362 F.Supp. 374, 375-376 (E.D.Mo.1973).
 
 
 8
 The appellant first contends the State of Missouri's enactment of 9-503 and 9-504 of the Uniform Commercial Code,[1] which authorized the actions taken by the secured party here, amounted to such significant state involvement as to constitute action taken under color of state law. This same contention was recently rejected by this Court in Nowlin et al. v. Professional Auto Sales, Inc., and Mayhugh v. Bill Allen Chevrolet Co., et al., Nos. 73-1348 and 73-1450, 496 F.2d 16 (8th Cir. 1974). See also, Bichel Optical Lab., Inc. v. Marquette Nat. Bk. of Mpls., 487 F.2d 906 (8th Cir. 1973); Adams v. Southern California First National Bank, 492 F.2d 324 (9th Cir. 1973). On the basis of this prior authority, we must reject this contention.
 
 
 9
 The appellant also contends that the repossession and sale were conducted under color of law because the State of Missouri must issue a certificate of ownership for the automobile to allow its transfer by the secured party to the purchaser at the sale after repossession. We disagree. A similar argument was rejected by the Ninth Circuit in Adams v. Southern California First National Bank, supra. Cf., Shirley v. State Nat'l Bank,493 F.2d 739, 743 n. 5 (2nd Cir. 1974). See also, Burke & Reber, State Action, Congressional Power and Creditors' Rights: An Essay on the Fourteenth Amendment, 47 S.Cal.L.Rev. 1, 19-23 (1973).
 
 
 10
 We affirm the dismissal of appellant's action by the District Court. In doing so, we note that the proper ground for dismissal is failure to state a claim upon which relief can be granted rather than that the District Court lacked subject matter jurisdiction. See, Adams v. Southern California First National Bank, supra at 338, 5 Wright & Miller, Federal Practice and Procedure 1350 (1969).
 
 
 11
 Affirmed.
 
 
 
 *
 TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation
 
 
 [1]
 V.A.M.S. 400.9-503 and 400.9-504