TEETER MOTOR COMPANY, Inc. *v.*
FIRST NATIONAL BANK of Hot
Springs

76-185                                    543 S.W. 2d 938

Opinion delivered December 13, 1976
(Division II)

*Bryant & Spears Law Offices,* for appellant.

*Wootton, Land & Matthews,* for appellee.

FRANK HOLT, Justice. By the terms of a Financing and Security Agreement, appellee agreed to advance funds to appellant for the floor-planning of new and used cars to be sold by appellant. About two years later, after appellant had encountered financial difficulties, appellee took possession of appellant's automobile stock pursuant to their agreement and liquidated it. Appellee then filed suit for a deficiency judgment for the balance of the debt owed by appellant. From the chancellor's decree in favor of appellee comes this appeal.

Appellant first "contends that the Agreement for disposal of collateral should have been held invalid by the Trial Court and the Appellee required to give notice [ten days] as provided by Paragraph 13 of the Financing and Security Agreement." Appellant signed the disposal of collateral agreement about nine days after repossession of the cars by appellee. This after default agreement waived all notice of the terms, times, and places of sale of the repossessed automobiles. Our Uniform Commercial Code clearly con-

templates that a debtor can, as here, waive notification of the sale of collateral following a default. Ark. Stat. Ann. § 85-1-102 (3) (Add. 1961); Ark. Stat. Ann. § 85-9-501 (1) (3) (Supp. 1975); and Ark. Stat. Ann. § 85-9-504 (3) (Supp. 1975). Such an agreement, reached after default, as here, can result in a quick and efficient disposal of collateral for the benefit of the parties.

Neither can we agree with appellant's further argument that Teeter, owner of Teeter Motor Company, was coerced into signing the supplemental agreement, which it first refused to do. The asserted coercion of Teeter occurred when the appellee bank officials told him that it would be necessary to sign the agreement or the sheriff would be forced to serve the necessary papers on the Teeters. Teeter felt that litigation "would likely drive her [Mrs. Teeter] crazy and put her in a state of shock." Therefore, the Teeters signed the agreement. Of course, the statement was merely an assertion of a fact; i.e., that legal proceedings would be initiated if Teeter refused to sign the agreement. Appellee was within its legal rights to inform Teeter of its possible course of action. Further, there was a nine day period between the repossession of the automobiles and the Teeters' written agreement as to the method of the sale of the collateral. Teeter, a business man, had sufficient time to consult with an attorney as to whether he should or should not sign the agreement. We agree with the chancellor that Teeter's testimony is not "anywhere near sufficient to show that he was coerced, forced, or fraud or misrepresentation practiced on him."

Appellant argues that appellee failed to give notice before the repossession of the automobiles. Appellant does not point out any provision of the agreement between the parties which required notice of repossession nor does appellant cite any authority that notice of intention to repossess must be given. § 85-9-503 provides:

> Unless otherwise agreed, a secured party has on default the right to take possession of the collateral. In taking possession, a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action.

Appellant had knowledge of its default through continued

negotiations between Mr. Teeter and the appellee bank concerning Teeter's financial difficulties. There is ample evidence that appellant was in default. In fact, Teeter, who owned the motor company, acknowledged default in the after default agreement.

Appellant also argues that Teeter protested the repossession by appellee and, therefore, the repossession was a trespass and a breach of the peace in violation of § 85-9-503. Therefore, the subsequent sale of the automobiles was invalid. We cannot agree. As discussed, appellant waived notice of the sale of the cars by the after default agreement for disposal of the collateral. Further, the financing agreement between the parties states:

> The bank may, so far as borrower can give authorization therefore, enter upon any premises on which the collateral may be situated and remove the same therefrom.

This is authorized by § 85-9-503. The repossession took place when bank employees went to Teeter's lot and informed him that they were taking possession of his stock. Teeter stated: "Well, I wish you wouldn't but I'm not going to do anything to stop you." When asked if the cars were repossessed peacefully, Teeter responded that he offered no resistance and "I stayed out of their way." A bank employee testified that Teeter stated: "it was a burden lifted from my shoulders" when appellee took the automobiles. It appears that Teeter himself assisted in starting the cars when they were removed from his premises. There is no evidence of force or intimidation by the appellee. We agree with the chancellor that the repossession here, in conformity with both statutory authority and the contractual provision, did not constitute a breach of the peace.

Appellant next contends that the repossession of appellant's stock was a violation of "federal [14th Amendment] and state [Ark. Const., Art. 2 § 21 (1874)] constitutional rights." Teeter argues that § 85-9-503, which provides for repossession of collateral, is unconstitutional. Enactment of a "self-help" statute, which authorizes the actions taken by the secured party, as here, is not such significant state involvement as to constitute action taken under

color of state law and creates no cause of action under Federal Civil Rights Acts. *Nichols* v. *Tower Grove Bank,* 497 F. 2d 404 (8th Cir. 1974); *Nowlin* v. *Professional Auto Sales, Inc.,* 496 F. 2d 16 (8th Cir. 1974). Further, the procedure challenged here involved actions between individuals arising out of the express written agreement of these parties. See *Adams* v. *Southern California First National Bank,* 492 F. 2d 324 (9th Cir. 1973). In the case at bar, we hold the statute is clear and unambiguous and the rights guaranteed by the Federal 14th Amendment and Art. 2, § 21 of our State Constitution were not violated by the appellee's repossession.

Appellant's final point is that "the trial court erred in not holding that the repossession and sale of appellant's vehicles by the appellee were in violation of the Uniform Commercial Code of Arkansas and that appellee should be barred from taking a deficiency judgment against the defendant." Appellant argues that since the repossession and agreement for disposal of collateral were invalid, any deficiency judgment is barred. We cannot agree. As indicated, the appellant was in default, the appellee rightfully took possession of the collateral under their financing agreement and then sold the collateral pursuant to a valid after default agreement approved by the Teeter corporation and by the Teeters individually. Further, there was ample evidence of compliance with § 85-9-504 (3) which states "every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable."

There was ample evidence that Teeter had knowledge of the location of the lot where the repossessed cars were being sold, contacted and sent some prospective buyers to the lot, was notified of the time and place of auctions, and attended same. The cars were offered first at retail sale and not sold until appellee was satisfied with the adequacy of the price. Only after efforts had been made to dispose of the collateral at retail were the automobiles sold at wholesale or at auction. None of the cars were sold until after the agreement for disposal of collateral was signed by the Teeters.

§ 85-9-504 (2) provides for a deficiency judgment:

> If the security interest secures an indebtedness, the secured party must account to the debtor for any surplus, and, unless otherwise agreed, the debtor is liable for any deficiency. . . .

Appellant's and appellee's after default agreement for disposal of collateral expressly provided:

> Nothing contained herein shall be construed to release Darrell M. Teeter or Huberta Teeter, or Teeter Motor Company, from their personal liability herein should sale of the collateral and reserve account be insufficient to extinguish the Floor Plan debt, and endorsed liability owed to Secured Party by Debtor.

The decree is affirmed.

We agree: HARRIS, C.J., and BYRD and ROY, JJ.