**James C. BECKNELL and John D. Kettelle, Trustees of the Linda and Leslie Becknell Trusts, Appellants,**

v.

**FIRST NATIONAL BANK IN LITTLE ROCK, Worthen Bank and Trust Co., Byron M. Eiseman, Jr., Robert V. Light, Boyce R. Love, Luke W. Quinn, Philip J. Deer, Jr., Jesse P. Walt, Gerald K. Johnson, Kenneth Price, Jerry L. Grigsby, G. Warren Stephenson, Edward P. Moore, Robert L. McGinnis, Lawrence B. Brashears, E.W. Freeman, III, A.C. Freeman, III, A.C. Freeman, Joseph Bates, James R. Parker, Jr., Hardy L. Winburn, Jr., Wittenberg, Delony & Davidson, Garver & Garver Inc., Dan R. Robinson, Vernon N. Hopkins, T. & W. Investments, Ashley S. Ross, and Frank H. Parke, Jr., Appellees.**

No. 84–1123.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1984.

Decided July 12, 1984.

Edward F. Mannino, Henry F. Siedzikowski, Marguerite S. Walsh, Philadelphia, Pa., for appellants.

David M. Powell, Wright, Lindsey & Jennings, Little Rock, Ark., for appellee Worthen Bank and Trust Co., N.A.

George Pike, Jr., Friday, Eldredge & Clark, Little Rock, Ark., for appellee First Nat. Bank in Little Rock.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

In this diversity case the appellants assert that the appellees' sales of collateral were not commercially reasonable as required by Ark.Stat.Ann. § 85-9-504(3) (Supp.1983). The District Court[1] disagreed, stating:

> [T]he Court specifically finds that the sales were held in a commercially reasonable manner and that fair market value was obtained for the partnership units, when all of the factors present at the time are taken into consideration. The Court further finds that even if it could be said that the sales were not commercially reasonable, Mr. Becknell, after default, either waived the requirements of a commercially reasonable sale or agreed that the sales proposed by each of the banks and the manner of making them was commercially reasonable. The decisions of Mr. Becknell and his attorneys in that respect are now binding upon him.

*Becknell v. First National Bank,* 592 F.Supp. 102 at 118 (E.D.Ark.1983).

Even assuming that the appellants are correct in contending that the sales were commercially unreasonable, the appellants are barred from raising that issue in this suit. After default, Becknell reached a specific agreement with First National Bank about how the sale was to be conducted. Worthen Bank specifically advised him of the procedures that the bank would follow and asked for his comments and suggestions, and Becknell replied that he had no objections. We cannot say that the District Court erred in concluding that, under these circumstances, the Arkansas Supreme Court would hold the question of commercial reasonableness to be immaterial. See *Teeter Motor Co. v. First National Bank,* 260 Ark. 764, 766, 543 S.W.2d 938, 940 (Div. II 1976) (after default, debtor can waive notification of sale of collateral); *Pine Bluff Production Credit Assn. v. Lloyd,* 252 Ark. 682, 693, 480 S.W.2d 578,

584 (1972) ("The question of ... commercial reasonableness of the sale ... become[s] immaterial as [the debtor] either agreed to or made the sale."). Thus, for substantially the reasons set forth in the District Court's opinion, we affirm. See 8th Cir.R. 14.

---

1. The Hon. H. Franklin Waters, Chief United States District Judge for the Western District of Arkansas, sitting by designation.